## JOHN WINTER *v.* JOHN E. FITZPATRICK.

JURISDICTION IN *Certiorari*.— The jurisdiction of the Supreme Court on appeal from a judgment of the District Court, rendered in a *certiorari* case, does not depend upon the amount in controversy.  The only question the Supreme Court looks into is to ascertain whether the inferior tribunal, Board, or officer, had jurisdiction, and if not, whether there is any appeal, or other plain, speedy, and adequate remedy.

INFERIOR COURTS—JURISDICTION OF.—Inferior Courts cannot go beyond the power conferred on them by statute.  They can assume no power by implication.

POWER OF JUSTICES OF THE PEACE.—A Justice of the Peace has no power to vacate or set aside a judgment rendered by him, except upon motion for a new trial.

ORDER OF JUSTICE VACATING JUDGMENT.—An order of a Justice of the Peace vacating a judgment rendered by him, without a motion for a new trial, is in excess of his jurisdiction, and is not a judgment from which an appeal will lie, and will be annulled on *certiorari*.  A judgment annulling such order should not affirm the original judgment.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

On the 21st of January, 1868, John Winter brought suit against John E. Fitzpatrick, in Justice's Court, in the City and County of San Francisco, to recover judgment for the sum of two hundred and fifty-three dollars and thirty-five cents, balance on account for goods sold and delivered.  On the 24th day of January, 1868, the Justice rendered judgment against the defendant for two hundred and sixty-four dollars and twenty-five cents, principal and interest, and six dollars and fifty cents costs of suit.  On the 8th day of February following, the Justice's Court made an order, on the application of the defendant, for the plaintiff to show cause on the 10th day of February, 1868, at twelve o'clock, M., why the judgment should not be vacated, on the ground that the Court obtained no jurisdiction over the person of the defendant.  A copy of this order was served on the plaintiff on the eighth day of February.  On the tenth day of February the Justice's Court made an order vacating and setting aside the judgment.  No motion was made for a new trial.  A writ of *certiorari* issued out of the District Court

of the Fourth Judicial District, City and County of San Francisco, on the 4th day of March, 1868, to said Justice's Court, commanding it to certify said proceedings and order vacating the judgment to said District Court. The District Court annulled the order vacating the judgment, and also affirmed the judgment of January twenty-fourth. The defendant appealed.

The other facts are stated in the opinion of the Court.

*James Mee*, for Appellant.

This Court will presume that the Justice had good reasons for vacating the judgment, when nothing to the contrary appears of record. (*Clements* v. *Benjamine*, 12 Johns. 299.) If the judgment was void for want of jurisdiction, or otherwise, motion was the proper remedy to set it aside. (*Sanchez* v. *Carriaga*, 31 Cal. 170.) But assuming for argument's sake that the Justice did obtain jurisdiction over the person of appellant, and that he erred in vacating the judgment, the respondent's remedy was by appeal, and not by *certiorari*. (*Clary* v. *Hoagland*, 13 Cal. 173; *People* v. *Shephard*, 28 Cal. 117.) The County Court may review all orders affecting the judgment appealed from subsequent to or dependent upon said judgment. (Practice Act, Sec. 367.) The time for appealing had not expired when this action was commenced. (Practice Act, Sec. 624.) The respondent could have either appealed from the judgment of the Justice, or the order vacating it—which order was a judgment in itself.

This Court has defined what an order is: "It is a judgment or conclusion of the Court upon any motion or proceeding." "It means cases where a Court or Judge grants affirmative relief, and cases where relief is denied." (*Gilman* v. *Contra Costa County*, 8 Cal. 57.) Again, if the Justice was guilty of error of judgment in respect to a question which he was authorized to investigate, such as jurisdiction over the person of appellant—a right which all Courts inherently possess—this Court will not correct mere errors on the writ

of review. (*People* v. *Dwinelle,* per Mr. Chief Justice SAW-YER, 29 Cal. 635.)

*Edward P. Batchelor,* for Respondent.

No appeal lies to this Court, because the amount in dispute is less than three hundred dollars. (*Hopkins* v. *Cheeseman,* 28 Cal. 180; *People* v. *Carman,* 18 Cal. 693.)

The Justice's Court had no power to *vacate* its judgments —when once the judgment has been rendered the Court has lost all jurisdiction in the case. (*O' Connor* v. *Blake,* 29 Cal. 312.)

Appellant's counsel says, in his brief, "that this Court will *presume* that the Justice had good reasons for vacating the judgment." Such a presumption is flatly contradicted by the decisions of this Court, holding that nothing is to be presumed in favor of a Justice's Court. (*Whitwell* v. *Barbier,* 7 Cal. 64; *Hahn* v. *Kelly,* 34 Cal. 391.)

Even District Courts cannot, after the term has passed, vacate their judgments, except by a *bill in equity.* (*Clement* v. *Ringold,* 28 Cal. 338; *De Castro* v. *Richardson,* 25 Cal. 51; *Bell* v. *Thompson,* 19 Cal. 708.)

In a Justice's Court there are no terms, and when its judgment is once rendered the Court loses all control of the action. (*O' Connor* v. *Blake,* 29 Cal. 312.)

Appellant had a statutory remedy in the Justice's Court, either by motion for a new trial, (Practice Act, Secs. 622, 623,) or by appeal to the County Court. (Practice Act, Secs. 624, 625.)

Appellant, having neglected the remedy by law provided, and sought one which the Justice's Court had no power to grant, cannot complain of the decree of the District Court annulling said order of February 10th, 1868.

Appellant cannot complain that the District Court *affirmed* the original judgment, for the District Court, upon hearing the return to the writ, may annul, affirm, or modify *all* the proceedings of the Court below. (Practice Act, Sec. 463.)

The writ of *certiorari* was properly issued by the District Court. (Practice Act, Sec. 456; *Murray* v. *Board of Supervisors of Mariposa County*, 23 Cal. 494; *People* v. *Turner*, 1 Cal. 156; 26 Cal. 383.)

Respondent could not appeal from the judgment of January 24th, 1868, on questions of fact, because no issue was ever raised in the Justice's Court. (*People ex rel. Jones* v. *County Court of El Dorado County*, 10 Cal. 19.)

There was no appeal on questions of law, because more than ten days had elapsed since the rendition of the judgment before the order of February 10th, 1868, was made, and no statement of the case on appeal could be prepared and filed as by law required. (Practice Act, Sec. 625; *People ex rel. Jones* v. *El Dorado County*, 10 Cal. 19; 11 Cal. 328.)

Respondent could not appeal from the order of February 10th, 1868, except upon a statement of the case prepared and filed within ten days after January 24th, 1868, the date of the rendition of said judgment. (Practice Act, Secs. 625, 366.)

By the Court, SANDERSON, J.:

The first point which we are called upon to consider is presented by the respondent. It brings in question the jurisdiction of this Court. It is claimed that we have no jurisdiction, because the amount in controversy is less than three hundred dollars.

The jurisdiction of this Court, in proceedings of this character, does not depend upon the amount in controversy. Our review does not embrace the merits of the action. We look into the case no further than may be necessary to ascertain whether it is a case in which the inferior tribunal, Board, or officer from which it comes had jurisdiction, and if not, whether there is any appeal, or any other plain, speedy, and adequate remedy. For that purpose we may or may not have occasion to look to the amount in controversy, but not for the purpose of adjudicating the amount, or any question

involving the right of either party to a judgment upon the merits. The case of *Hopkins* v. *Cheeseman*, 28 Cal. 180, cited by respondent, is not in point. That was a writ of error, and we were asked to review the action of the Justice's Court in taxing costs in an action in which that Court had jurisdiction, and we held that neither an appeal nor a writ of error would lie. The case of *The People* v. *Carman*, 18 Cal. 698, also cited by respondent, is in point, but we are at a loss to account for the decision in that case. The ground upon which it was put was that the amount in controversy was not sufficient. If this Court could not entertain the case for that reason, neither had the District Court jurisdiction—for the Constitution as to the jurisdiction of both Courts, on the score of the amount in controversy, was then, as now, the same; yet we are not aware that it was ever pretended that either under the old or new Constitution the amount in controversy was a test of the power of the District Courts to issue writs of *certiorari*. The statute then, as now, gave District Courts power to issue writs of *certiorari*, and this Court the power to review their judgments in such cases. (Practice Act, Secs. 456, 465.) We are of the opinion that the case of *The People* v. *Carman* must be attributed to that inadvertence by which all Courts are liable at times to be misled.

In making the order of the tenth of February, vacating and setting aside the judgment of the twenty-fourth of January, the Justice of the Peace acted without jurisdiction. Inferior Courts cannot go beyond the authority conferred upon them by the statute under which they act. They can assume no power by implication, but must keep within the power expressly given. Neither the Practice Act nor the statute in relation to the Justices' Courts in the City and County of San Francisco authorizes a review by the Justice of his own judgment, except upon motion for a new trial. (*O'Connor* v. *Blake*, 29 Cal. 312.)

The order of the tenth of February was not a judgment,

in the sense of the six hundred and twenty-fourth section of the code, from which an appeal could have been taken. Nor was there, in our judgment, any other plain, speedy, and adequate remedy by which the plaintiff could have relieved himself from the effect of that order.

In affirming the judgment of the twenty-fourth of January, however, the District Court went too far. The only question before the District Court was as to the power of the Justice's Court to make the order of the tenth of February. The latter order the District Court had the power to affirm, annul, or modify; and it appearing that it had been made in excess of the jurisdiction of the Justice's Court, it did not err in annulling it.

The District Court is, therefore, directed to strike out so much of its judgment as affirms the judgment of the Justice's Court of the 24th of January, 1868, and the case is remanded for that purpose.

Mr. Justice RHODES expressed no opinion.