[No. 12039.  In Bank. — December 18, 1887.]

E. WEIMMER ET AL., APPELLANTS, v. JAMES SUTH-
ERLAND, RESPONDENT.

JUSTICES' COURTS — PROVISIONS OF CODE APPLICABLE TO — POWERS OF, HOW
DETERMINED. — When that part of the Code of Civil Procedure which
expressly deals with proceedings in justices' courts prescribes the powers
of those courts in relation to a general subject about which the powers
of courts of record are expressly prescribed in another part of the code,
then the powers of the justices' courts with respect to that subject are
to be determined by the provisions of the code expressly applicable to
them, and not by the provisions expressly applicable to courts of record.

ID. — POWER TO SET ASIDE JUDGMENTS. — Justices' courts have no power
to review their own judgments, unless in some method expressly pro-
vided by law.

ID. — ORDER  SETTING  ASIDE  JUDGMENT — CERTIORARI — JUDGMENT  BY
DEFAULT. — Under section 859 of the Code of Civil Procedure, a jus-
tice's court has no power to vacate its judgments, except judgments by
default, and an order attempting so to do, not being appealable, will be
annulled on certiorari.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion of the court.

*W. D. Grady*, for Appellants.

*Tupper & Tupper*, and *Babcock & Mickel*, for Respondent.

McFARLAND, J. — This is an appeal from a judgment of the superior court of Fresno County rendered upon a writ of *certiorari* directed to a justice's court.

James Sutherland (the respondent herein) brought an action in the justice's court of A. A. Smith (appellant) against E. Weimmer and wife (also appellants herein).

In said action in the justice's court the defendants therein (Weimmer and wife) appeared and made a motion to quash the summons. The motion was denied, and they then demurred to the complaint. The demurrer was overruled; and then, on June 22, 1886, they filed an answer. On July 9th the case was set for trial for July 19, 1886, at one o'clock P. M. At the last-named time the defendants failed to appear, and the court, after having waited one hour, proceeded with the trial; and after hearing witnesses and taking evidence on the issues made by the pleadings, rendered judgment for the plaintiff therein (Sutherland).

On July 26th, defendants, upon affidavits, moved the court to "vacate and set aside" the judgment upon the ground that defendants had no notice of the time of trial. The hearing of the motion was continued to September 10th, when the court found that defendants had not received notice of the day of trial (which notice seems to have been deposited by the justice in the United States mail, directed to defendants), and thereupon entered an order "that said judgment is hereby set aside and vacated." It does not appear that plaintiff had notice of this motion, or was present when it was heard.

On the application of the plaintiff, Sutherland, the superior court granted a writ of *certiorari* to review the action of said justice vacating said judgment. On the

seventh day of January, 1887, after a full hearing, both parties being present by counsel, the superior court rendered judgment that the said order of said justice's court vacating the said judgment in said court was void, and of no effect, etc.    From this judgment of the superior court this appeal is taken.

Justices' courts have no power to review their own judgments, unless by some method expressly provided by law.    In *Winter* v. *Fitzpatrick*, 35 Cal. 269, it was held that a justice of the peace could not vacate a judgment rendered by him, and that an order attempting to do so, not being appealable, should be annulled on *certiorari*.

However, at the time *Winter* v. *Fitzpatrick* was decided, the civil practice act provided that only those sections embraced in the title which prescribed the proceedings in justices' courts, and such other sections as were specially mentioned in that title, should be applicable to justices' courts.    At the present time, section 925 of the Code of Civil Procedure is as follows: —

"Justices' courts being courts of peculiar and limited jurisdiction, only those provisions of this code which are in their nature applicable to the organization, powers, and course of proceedings in justices' courts, or which have been made applicable by special provisions in this title, are applicable to justices' courts and the proceedings therein."

It is therefore argued that *Winter* v. *Fitzpatrick* has no bearing on the present case; and that by virtue of said section 925 all the broad powers granted to courts of record by section 473 of the Code of Civil Procedure may be exercised by justices' courts.    The language of section 925 is certainly of difficult construction; and cases might well arise where it would be extremely doubtful whether or not certain acts of a justice's court were justified by its provisions.    It will be observed, however, that the section expressly preserves the notion

of the "peculiar and limited jurisdiction" of these courts, and, morever, that its general character is negative rather than positive. The grant is somewhat in the shape of a parenthesis in a clause of limitation. If, therefore, that part of the code which expressly deals with proceedings in justices' courts prescribes the powers of those courts in relation to a general subject about which the powers of courts of record are expressly prescribed in another part, then we think that the powers of the justices' courts with respect to that subject are to be looked for in the former and not in the latter provision.

Now, the power in question here,—i. e., the power to relieve 'from a judgment taken through surprise, excusable neglect, etc.,—is expressly given to courts of record by section 473, and is expressly given to justices' courts by section 859. Both sections relate to the same general subject. But while section 473 gives this power to relieve, in general terms and in all cases, within six months in some instances, and one year in others, after judgment, section 859 confines the power in justices' courts to cases of a "judgment by default," and limits the time to "ten days after the entry of the judgment." We think, therefore, that the latter section is determinative of the question here involved, and not section 473.

And of course, in the case at bar, there was no "judgment by default." A default occurs when a defendant fails to answer or demur as described in sections 850 and 871 et seq. Not being a judgment by default, the defendants could have appealed to the superior court; and if aggrieved, that was their remedy.

The judgment of the superior court is affirmed.

Temple, J., Sharpstein, J., Searls, C. J., and McKinstry, J., concurred.

Paterson, J., concurring.— I concur, but express no opinion upon the question as to the proper remedy.

Section 850, Code Civil Procedure, provides that "when all parties served with process shall have appeared . . . . the justice *must fix a day for the trial of said cause, and notify the plaintiff and the defendants who have appeared thereof.*" If this requirement be jurisdictional, and the time for appeal elapsed before defendant had notice that the case had been set for trial, a trial had and judgment entered against him, it would seem to be a harsh rule which would preclude him from showing upon *certiorari* that he had never had any notice of the trial; because it must be remembered the justice is not required to enter in his docket any minute of the service of notice of the time of trial, nor is he required to file any proof of such service (section 911, Code Civ. Proc.), and there is nothing in the record, therefore, to show that judgment has been entered against the defendant without a hearing or notice of hearing.