[Sac. No. 483.   Department Two.—November 24, 1899.]

CHARLES SIMON et al., Appellants, v. JUSTICE'S COURT OF CITY OF STOCKTON, C. P. RENDON, Justice, Respondent.

Justice's Court—Jurisdiction—Vacating Judgment by Default—Answer Sent by Mail—Filing—Order Nunc pro Tunc.—A justice's court has no jurisdiction to interfere with its judgments except in the manner provided by law; and it has no power, more than ten days after the entry of a judgment by default, to vacate it upon the ground of mistake, surprise, or excusable neglect of the defendant; nor has it jurisdiction, upon a motion of the defendant, made more than forty days after the judgment, to hear and determine issues of law and fact as to whether, after service of summons upon the defendant in another county, an answer addressed to the justice and sent by mail, and received by the constable, in the absence of the justice, had been filed prior to the default, or to order such answer filed *nunc pro tunc.*

Id.—Orders Without Jurisdiction—Certiorari.—Orders of the justice's court declaring void the judgment by default, and staying execution thereon, and ordering the answer sent by mail to be filed *nunc pro tunc,* as of a date prior to the judgment, made more than forty days after its rendition, are without jurisdiction, and should be annulled upon *certiorari.*

APPEAL from a judgment of the Superior Court of San Joaquin County.   Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

Max Grimm, for Appellants.

H. W. Hutton, for Respondent.

McFARLAND, J.—This is an appeal from a judgment of the superior court in a proceeding in *certiorari* in which the petitioners therein, Simon and Busch, sought to have certain orders of a justice's court annulled.

The petitioners commenced an action in a justice's court of the city of Stockton, of which C. P. Rendon was the justice, against one Sparks, who was served with summons in San Francisco, and had until the thirty-first day of August, 1897, to appear. On the first day of September, 1897, it appearing that no answer had been filed by Sparks and no appearance made by him in any way, default was entered against him by A. C. Parker, a justice of the peace who was then holding court for said Justice Rendon, in the absence of the latter; and, as the suit was for damages for an unlawful act, witnesses were examined and evidence received on the part of plaintiff, and judgment was rendered on said September 1st against Sparks for eighty-five dollars and some costs. Nothing further appears to have occurred in the case until the thirteenth day of October, 1897, which was more than forty days after the rendition of the judgment. On that day the attorney for Sparks filed an affidavit in the justice's court, in which he stated that on August 28th he prepared an answer for Sparks and put it into the United States mail on that day addressed to the said Justice Rendon at Stockton, with a letter saying that he was about to take a trip east and would not be back until October, and asking that the cause be set for about the 10th or 11th of that month; that he also on said day addressed to the attorney for the plaintiffs in said suit, at his residence in Stockton, a letter inclosing a copy of the answer, in which he also stated his anticipated absence and asked that the case be not set until about the 11th of October; that he heard no more of the matter until the 4th of October, 1897, when he received a letter from the attorney for the plaintiffs notifying him of the judgment which had been rendered on September 1st and asking him to have the amount thereof forwarded to him; and that Justice Rendon had left the state on the 24th of August, 1897,

and did not return until the 5th of September, and that in the meantime Parker had held court for him, and that one Carroll, who was constable, had indorsed on the envelope containing the answer that it had been received at the office of the said justice on the thirty-first day of August, 1897. Some other facts not necessary to be noticed were stated in the affidavit, and it concluded with the prayer that the court would "stay the said judgment and declare the same void and of no effect, and will refuse to issue process thereon, and recall all process and other proceedings taken upon said void judgment." This affidavit was filed October 13, 1897, and on the same day notice was given of a motion for orders staying the judgment, declaring it void, staying further execution, etc. These motions were heard on the sixteenth day of October, 1897, on which day the court granted the motion to stay judgment herein, declaring the judgment void, and ordering that the answer of Sparks "be indorsed filed *nunc pro tunc* as of the thirty-first day of August, 1897," and made an order fixing a future day for the trial of the cause. The affidavit of Justice Parker was also filed in which he stated that on the 31st of August, at the request of plaintiff's attorney, he made a careful search among the papers which had been filed in the office of Justice Rendon and among the papers filed in said action, and searched for a letter in which an answer might have been inclosed, and also in the private room of said Rendon which adjoins the courtroom, and could not find any answer or other paper filed by the defendant Sparks; that he repeated the search on the morning of September 1st, and before the hearing of the evidence in the action or the rendering of a judgment, but was unable to find any answer or other paper showing the appearance of Sparks; that after testimony had been taken and judgment rendered one Carroll delivered to him an open envelope addressed to Justice Rendon, in which was found the letter and answer referred to in the said affidavit of the attorney for Sparks; that he did not know whether Carroll took the envelope from his pocket or from a private desk of Carroll in the private office of Rendon; and that "said Carroll was not a clerk of either the justice of the peace of the city of Stockton, or a clerk of the justice of the peace of Stockton town-

ship, and not the proper custodian of any pleading or record of said court or action, and had no authority whatever to file, or receive for filing, any paper in said action." The judgment rendered in the said case of the petitioners against Sparks was not void on its face, but was apparently in all respects a regular and valid judgment.

Upon the foregoing facts, we think that the orders above referred to made by the justice of the peace after the rendition of the said judgment were beyond the jurisdiction of the justice to make, and that the superior court erred in confirming the same. A justice's court cannot disturb or in any way interfere with its judgments except in the manner provided by statute. In *Winter v. Fitzpatrick,* 35 Cal. 269, the court said: "In making the order of the 10th of February, vacating and setting aside the judgment of the 24th of January, the justice of the peace acted without jurisdiction. Inferior courts cannot go beyond the authority conferred upon them by the statute under which they act. They can assume no power by implication, but must keep within the power expressly given. Neither the practice act nor the statutes in relation to justices' courts in the city and county of San Francisco authorizes a review by the justice of his own judgment, except upon motion for a new trial." (At that time a justice of the peace was expressly given power to entertain a motion for a new trial by section 622 of the practice act.) The rule thus declared has never been since questioned, and has been frequently reaffirmed. And, so far as the question here involved is concerned, the provisions of the Code of Civil Procedure are the same as those of the old practice act. (See *Weimmer v. Sutherland,* 74 Cal. 341; *Jones v. Justice's Court,* 97 Cal. 523, and cases there cited.) If the motion made in the justice's court to set aside the judgment was based upon the "mistake, inadvertence, surprise, or excusable neglect" of Sparks himself, then the court had no jurisdiction over it because it was not made within ten days after the judgment (Code Civ. Proc., sec. 859; *Weimmer v. Sutherland, supra*); if it was based upon the theory that the answer had been filed on the 31st of August, then it raised very serious issues of both law and fact which the justice's court had no jurisdiction to hear and determine on such a motion. Whether

or not the judgment could be set aside by a court of equity on a bill framed for that purpose is a question not now before us. We think that the orders reviewed on the writ should have been vacated by the superior court.

The judgment appealed from is reversed.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.