[Civ. No. 519. First Appellate District.—October 3, 1908.]

HENRY HUBBARD, Petitioner, v. SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent.

JUSTICES' COURTS—JURISDICTION—FAILURE FOR THREE YEARS TO SERVE AND RETURN SUMMONS—CONSTRUCTION OF CODE.—Section 581 of the Code of Civil Procedure, providing for dismissal of an action for failure to serve and return the summons within three years, is inapplicable to justices' courts; and notwithstanding such failure in a justice's court, it has jurisdiction to try the case upon the merits, when the action is not dismissed under section 890 of that code, which is exclusively applicable to justices' courts.

ID.—SPECIAL PROVISIONS FOR JUSTICES' COURTS—GENERAL PROVISIONS EXCLUDED.—When general provisions relating to the same subject matter applicable to the superior court are only in part inserted in sections regulating proceedings in justice's courts, and are coupled therein with express limitations or conditions, such general provisions are thereby excluded from applicability to justices' courts, and the special provisions alone apply thereto.

ID.—MOTION IN JUSTICE'S COURT TO DISMISS UNDER SPECIAL SECTION—JURISDICTION—DISCRETION.—A motion made under section 890 of the Code of Civil Procedure, especially applicable to justices' courts on the subject matter of dismissal, to dismiss the action for failure to prosecute the same with reasonable diligence to final judgment, was not addressed to the jurisdiction, but to the discretion, of the justice's court; and when, upon a counter showing, such motion was denied, the court had jurisdiction to try the action.

ID.—JURISDICTION OF APPEAL TO SUPERIOR COURT—PROHIBITION.—The justice's court having had jurisdiction to try the action upon its merits, and to render judgment therein, the superior court had jurisdiction of an appeal regularly taken therefrom, and prohibition will not lie to prevent such court from determining the appeal,

on the ground that the summons was not served and returned within three years in the justice's court.

PETITION for Writ of Prohibition to the Superior Court of Santa Clara County.

The facts are stated in the opinion of the Court.

C. D. Wright, and R. M. Wright, for Petitioner.

Will M. Beggs, for Respondent.

HALL, J.—This is a petition for a writ of prohibition to prevent the superior court of the county of Santa Clara from trying a case appealed to said court from a justice's court of said county. The matter is submitted to this court upon the petition and the answer thereto filed by respondent in response to the order to show cause.

The essential facts of the case are as follows:

On the second day of November, 1902, an action was commenced before a justice of the peace in Santa Clara county by the Union Savings Bank of San Jose against Henry Hubbard by the filing of the complaint on said day. The summons was not served on petitioner, the defendant in that action, until December 14, 1905, which was more than three years after the commencement of the action. The summons never was returned to said justice court, but on the tenth day of April, 1906, the defendant therein specially appeared and moved for a dismissal of the action under section 581 of the Code of Civil Procedure upon the ground that the summons had not been served and return made within three years after the commencement of the action, and also under section 890 of the Code of Civil Procedure upon the ground that plaintiff had failed to prosecute the action to judgment with reasonable diligence. The justice of the peace denied the motion, and the defendant in said action (petitioner herein), without waiving the question of jurisdiction to try the case, but expressly reserving such objection, answered to the merits, and upon the trial judgment went against petitioner, who thereupon appealed from said judgment to the superior court of the county of Santa Clara.

Promptly after the transmission of the case to the superior court of said county petitioner made the same motion for a dismissal of the action, which was by the said court denied,

and said court now threatens to proceed to try the cause on its merits.

It is not contended that a sufficient showing was not made in answer to the motion so far as said motion was based on the failure to prosecute the action to judgment with reasonable diligence, as required by section 890 of the Code of Civil Procedure, or that any question of jurisdiction can arise out of the action of the court in that regard. But the contention that the court is without jurisdiction to proceed to try the cause upon its merits, or to take any action therein other than to dismiss the action, is based on the fact that the summons was neither served, nor return made thereon, within three years after the commencement of the action.

Upon the admitted facts of this case the only question, therefore, presented for the determination of this court is whether or not section 581 of the Code of Civil Procedure applies to actions brought in justices' courts. For if the justice court had jurisdiction to try and determine the action upon its merits, the superior court would likewise have such jurisdiction on appeal.

The question as to whether or not the provisions of section 581 of the Code of Civil Procedure apply to actions brought in justices' courts has not been directly determined by any of the appellate courts. It is insisted by respondent that the dismissal of actions brought in the justice court is governed by the provisions of section 890 of the Code of Civil Procedure, and that section 581 of the same code has no application thereto. While it is difficult, perhaps, to assign any good reason why the law-making power should make it mandatory on the court to dismiss an action brought in the superior court if the summons be not served and return made thereon within three years after the commencement of the action, and make no such provision for actions brought in a justice court, we are constrained after a careful examination of the subject to so hold.

Section 890 of the Code of Civil Procedure is contained in title XI of said code, which deals with the proceedings in justice courts.

Section 581 of the same code is contained in another part of the code relating to actions and proceedings in courts of record. Both sections were contained in the codes when origin-

ally adopted March 11, 1872, and were taken from the old
Practice Act, in which they occupied the same relative posi-
tions that they occupy now in the codes.

The provision requiring the dismissal of an action for
failure to serve the summons and to make return thereon with-
in three years after the commencement of the action was in-
serted in section 581 by an amendment thereto in 1889 (Stats.
1889, p. 398), but no similar amendment was then or ever
made to section 890.

Although the precise question involved in this case has
never before been decided by an appellate court of this state,
we think that the rule which should govern has been clearly
laid down in two cases. (*Odd Fellows' Sav. Bank* v. *Banton,*
46 Cal. 604; *Weimmer* v. *Sutherland,* 74 Cal. 341, [15 Pac.
849].) In the first of the above-mentioned cases the ques-
tion arose as to which of several sections governed as to the
recordation of a mortgage of real estate. It was there held
that sections 1213, 1214 and 1215 of the Civil Code, found
in the title relating to "transfers," by virtue of section 2952
of the Civil Code, found in an article relating to "Mortgages
of Real Property," governed, as against the provisions of sec-
tion 2937 of the Civil Code (as it then existed but since re-
pealed), found in an article relating to "Mortgages in Gen-
eral." The court followed the rule laid down in the Political
Code for the interpretation of the codes, that as between con-
flicting or contravening provisions of the codes the provisions
of any title, chapter or article must prevail as to all matters
arising out of the subject matter of such title, chapter or
article. (Pol. Code, secs. 4481-4483.)

The second case above cited is even more in point than the
first case. In this case (*Weimmer* v. *Sutherland,* 74 Cal. 341,
[15 Pac. 849]) a justice court, assuming to act under section
473 of the Code of Civil Procedure, had vacated and set aside
a judgment, and the question presented for decision was
whether the justice court derived any authority from section
473 of the Code of Civil Procedure, or was confined in vacat-
ing judgments to the authority conferred by section 859 of
the Code of Civil Procedure. In this case, as in the case at
bar, there was invoked, on behalf of the jurisdiction of the
justice court, the provision of section 925 of the Code of Civil
Procedure that "Justices' Courts being courts of peculiar and

limited jurisdiction, only those provisions of this code which are in their nature applicable to the organization, powers, and course of proceedings in Justices' Courts, or which have been made applicable by special provisions in this title, are applicable to Justices' Courts and the proceedings therein.'' The court said: ''The language of section 925 is certainly of difficult construction, and cases might well arise where it would be extremely doubtful whether or not certain acts of a justices' court were justified by its provisions. It will be observed, however, that the section expressly preserves the notion of the 'peculiar and limited jurisdiction' of these courts, and, moreover, that its general character is negative rather than positive. The grant is somewhat in the shape of a parenthesis in a clause of limitation. If, therefore, that part of the code which expressly deals with proceedings in justices' courts prescribes the powers of those courts in relation to a general subject, about which the powers of courts of record are expressly prescribed in another part, then we think that the powers of the justices' courts with respect to that subject are to be looked for in the former and not in the latter provision.

''Now, the power in question here—i. e., the power to relieve from a judgment taken through surprise, excusable neglect, etc.—is expressly given to courts of record by section 473, and is expressly given to justices' courts by section 859. Both sections relate to the same general subject. But while section 473 gives this power, in general terms and in all cases within six months in some instances, and in one year in others, after judgment, section 859 confines the power in justices' courts to cases of a 'judgment by default,' and limits the time to ten days after the entry of the judgment. We think, therefore, that the latter section is determinative of the question here involved, and not section 473.''

A comparison of sections 859 and 473, construed in the case just cited, with sections 890 and 581, involved in the case at bar, demonstrates the controlling effect of the above-cited case upon this case.

Section 859 is in the title dealing with proceedings in justices' courts, and provides for the vacating by justices' courts of judgments entered in said courts. Section 473 is in that part of the Code of Civil Procedure dealing with proceedings

in superior courts, and provides in general terms for the vacating of judgments under certain conditions.

Section 890, like section 859, is in the title dealing with proceedings in justices' courts, and provides for the dismissal of actions in said courts. Section 581, like section 473, is in that part of the Code of Civil Procedure dealing with proceedings in the superior courts, and provides in general terms for the dismissal of actions under certain conditions.

The suggestion of petitioner that the dismissals provided for by section 890 are without "prejudice to a new action," and that therefore the subject matter of section 890 is different from the subject matter of section 581, is without force. Dismissals under section 581 are also without prejudice to a new action, except when the dismissal is in effect a retraxit. (*Davenport* v. *Turpin,* 43 Cal. 597; *Parks* v. *Dunlap,* 86 Cal. 189, [25 Pac. 916]; *Rosenthal* v. *McMann,* 93 Cal. 505, [29 Pac. 121]; *Westbay* v. *Gray,* 116 Cal. 660, [48 Pac. 800]; *Hibernia S. & L. Soc.* v. *Portener,* 139 Cal. 90, [72 Pac. 716].)

For the reasons above set forth we think the court has jurisdiction to proceed with the trial of the action in question, although the summons, issued out of the justice court, was not served and return made thereon within three years after the commencement of the action.

The temporary restraining order heretofore made by this court is vacated and discharged, and the petition for a writ of prohibition is denied.

Kerrigan, J., and Cooper, P. J., concurred.