[Civ. No. 1138.    First Appellate District.—February 24, 1913.]

## I. HOLGATE STOREY, Respondent, v. HENRY MUELLER, Appellant.

JUSTICE OF PEACE—OPENING DEFAULT—MOTION NOT RESPONSIVE TO NOTICE.—A justice of the peace has no jurisdiction to set aside a default judgment where the motion therefor is not responsive either to the motion noticed or to the affidavit filed in support thereof.

ID.—EXCUSABLE NEGLECT—MOTION AFTER TEN DAYS.—A justice of the peace is without jurisdiction to set aside a default judgment on the ground of excusable neglect, upon a motion by the defendant made over ten days after the entry of the judgment and based on the ground that his time to answer had not expired when the judgment was entered.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

L. S. Melsted, for Appellant.

J. R. Pringle, for Respondent.

MURPHEY, J., *pro tem.*—Appeal from the judgment of the superior court of the city and county of San Francisco reversing and annulling an order of the justice's court of said city and county, wherein the justice of the peace set aside a default judgment theretofore made and entered by him in favor of the plaintiff and against the defendant.

Upon the face of the record the judgment in the justice's court was regularly and properly entered.    Subsequently defendant noticed a motion to set aside said judgment for hearing on the seventh day of October, 1911, concededly the tenth day after he had knowledge of the entry of said judgment, and based his motion upon the ground that "defendant's time for answering had not elapsed when said judgment was entered."

In support of this motion an affidavit of defendant was filed, reciting that the summons had been served upon him

on the twenty-second day of September and not on the twenty-first, as alleged in the affidavit of service, and therefore that the default and judgment entered on the twenty-seventh was premature.

By stipulation of counsel the hearing of the motion was continued from the seventh to the eleventh day of October "or as soon as counsel can be heard"; and it was further stipulated that "said continuance will in no way prejudice defendant's right to make said motion and does not in any way constitute a waiver of any rights of defendant thereunder." The hearing of the motion actually took place on the thirteenth day of October, the record nowhere disclosing just when, if ever, the motion was made, the court and counsel proceeding on the mistaken theory, frequently indulged in, that a motion noticed is a motion made, and the following entry appears in the justice's docket:

"The court rendered judgment on Oct. 13th, 1911, in setting the default against the defendant Henry Mueller aside."

Subsequently on the twentieth day of October, 1911, the court made the following order: "Good cause appearing therefor, it is hereby ordered that the default of the above named defendant heretofore entered in the above entitled action be and the same is hereby set aside, and the judgment entered against said defendant by reason of such default vacated. . . . This order is made on the ground of defendant's excusable neglect."

The respondent's contention is that the judgment of the superior court, reversing and annulling this order, must be affirmed upon the ground that the action of the justice of the peace was in excess of his jurisdiction; and we are of the opinion that this contention should be sustained.

The ground upon which the motion was granted was not responsive either to the motion noticed or to the affidavit filed in support thereof, and was therefore void, as the plaintiff was not called upon to defend the action of the court against objections that were not made. (*McDonald* v. *California Timber Co.,* 151 Cal. 159, [90 Pac. 548]; *Gould* v. *Moss,* 158 Cal. 548, [111 Pac. 925].)

We are satisfied that upon the motion noticed the court had no power to set aside the default judgment. In the case of

*Winter* v. *Fitzpatrick,* 35 Cal. 269, a case wherein the statutory time had not elapsed between the service of summons and the rendition of the judgment, the supreme court says: ''In making the order of the 10th of February, vacating and setting aside the judgment on the 24th of January'' (the complaint having been filed on the 21st of January), ''the justice of the peace acted without jurisdiction. Inferior courts cannot go beyond the authority conferred upon them by the statute under which they act. They can assume no power by implication, but must keep within the power expressly given. Neither the Practice Act nor the statute in relation to justices' courts in the city and county of San Francisco authorizes a review by the justice of his own judgment except upon motion for a new trial.''

The action of the district court in annulling the order of the justice setting aside the judgment was approved.

In *Simon* v. *Justice's Court,* 127 Cal. 45, [59 Pac. 296], the supreme court, commenting on *Winter* v. *Fitzpatrick,* [35 Cal. 269], says: ''The rule thus declared has never been since questioned and has been frequently affirmed; and so far as the question here involved is concerned the provisions of the Code of Civil Procedure are the same as those of the old Practice Act. In the case last cited the question under consideration was as to whether the answer had been filed in time, and the court further says: ''If the motion made in the justice's court to set aside the judgment was based upon the 'mistake, inadvertence, surprise and excusable neglect' . . . then the court had no jurisdiction, because it was not made within ten days after judgment''; and we may interject the remark here that in the case at bar the record does not disclose the exact date when the motion was made, but inferentially it was probably made after the ten days from the entry of the judgment, and there is no suggestion that it was made upon the ground of ''excusable neglect, etc.'' ''If it was based upon the theory that the answer was filed on the 31st day of August'' (concededly within the statutory time) ''then it raised very serious issues of both law and fact, which the justice's court had no jurisdiction to determine on such a motion. Whether the judgment could be set aside by a court of equity on a bill framed for that purpose is a

question not now before us.  We think the orders reviewed
on the writ should have been vacated by the superior court.''

In the case at bar the order was vacated by the superior
court and, as we think, properly.

The judgment is affirmed.

Lennon, P. J., and Hall, J., concurred.