[Civ. No. 1732. Second Appellate District.—February 25, 1916.]

R. G. ROBERTS, Respondent, v. THE JUSTICE'S COURT OF LOS ANGELES TOWNSHIP, COUNTY OF LOS ANGELES, and J. W. SUMMERFIELD, Justice Thereof, Appellants.

JUSTICE'S COURT—JURISDICTION—VACATING JUDGMENT BY DEFAULT—CERTIORARI.—A justice's court has no jurisdiction to set aside a judgment by default, basing its order upon evidence other than the docket and the papers on file, and an order thus made will be annulled on *certiorari.*

ID.—SUMMONS—FAILURE TO SERVE AND RETURN WITHIN THREE YEARS.—A justice's court is not deprived of jurisdiction because of the failure to make service of summons and return within three years from the commencement of the action.

ID.—DEFAULT JUDGMENT—SERVICE OF SUMMONS OUTSIDE COUNTY—RECORD—SILENCE AS TO RESIDENCE OF DEFENDANT—JUDGMENT NOT VOID ON FACE.—A justice's court judgment is not void on its face because of the absence of any affirmative statement therein, or in the return of summons, that the defendant resided in the county in which he was served, or that at the time of the commencement of the action he was a resident of the county in which the action was brought, where it appears from the allegations of the complaint that the written order upon which the action was based was entered into and to be performed in the county in which the action was brought.

ID.—IMPROPER SERVICE OF SUMMONS—SETTING ASIDE JUDGMENT—BURDEN OF PROOF.—Upon a motion to set aside a judgment rendered by default upon a service of summons in violation of the provisions of subdivision 2 of section 848 of the Code of Civil Procedure, the burden of proof is upon the defendant to show that he was not a resident of the county in which he was served.

APPEAL from an order of the Superior Court of Los Angeles County annulling an order of the Justice's Court of Los Angeles Township, in Los Angeles County, vacating and setting aside a default judgment. J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Maltman & Clark, and James L. Patten, for Appellants.

Thomas C. Ridgway, and Julius V. Patrosso, for Respondent.

CONREY, P. J.—*Certiorari.* This is an appeal from an order of the superior court annulling an order of the justice's court of Los Angeles township, in Los Angeles County, vacating and setting aside a default judgment theretofore entered in the justice's court in an action entitled *Roberts* v. *Francis.* The complaint in that action was filed and summons duly issued on October 14, 1910. On February 21, 1914, a certificate, in due form to authorize service in another county, was attached to the summons by the clerk of the superior court of Los Angeles County. On March 18, 1914, the summons was filed in the justice's court, with a return showing that the summons and copy of complaint were served on the defendant in the county of Imperial on the twenty-fifth day of February, 1914. The time limited for the appearance of a defendant in a justice's court where he has been served outside the county in which the action is brought is twenty days. (Code Civ. Proc., sec. 845.) No appearance having been made in that action, judgment by default was entered on the twenty-first day of March, 1914. On July 18, 1914, pursuant to notice theretofore served on plaintiff's attorney, the defendant presented a motion in the justice's court for an order setting aside the judgment and that the action be dismissed, and said motion was granted. The grounds of the motion were as follows: "That the court at the time said judgment was rendered had not jurisdiction of the person of the defendant and that jurisdiction of the person of the defendant cannot be had in said action for the following reasons: 1. No copy of the complaint was ever served upon defendant; 2. The name of the attorney who appeared for plaintiff was not indorsed upon the copy of the summons served upon the defendant; 3. Service of summons was not had upon the defendant within three years from the commencement of the action. The motion will be made upon the docket entries in said cause, the papers, pleadings, records, and files therein, and upon oral testimony and documentary evidence to be produced at the hearing of the motion." Thereafter plaintiff filed his petition in the superior court for a writ of review, and on the return to that writ the facts appeared as hereinabove stated. The defendants appeal from the superior court's order annulling said order made July 18, 1914, in the justice's court.

29 Cal. App.—49

In section 859 of the Code of Civil Procedure it is provided that a justice's court may, on such terms as may be just, "relieve a party from a judgment by default taken against him by his mistake, inadvertence, surprise, or excusable neglect, but the application for such relief must be made within ten days after notice of the entry of the judgment and upon an affidavit showing good cause therefor." The motion made and granted on July 18th was not supported by affidavit, and was not made upon any of the grounds referred to in section 859. Appellants insist that although the motion was not made within the time nor for any reason specified in section 859, the justice had power to make the order because the judgment was void upon its face. This contention as to a void judgment finds support in some of the decisions. (*American Type Founders Co.* v. *Justice's Court,* 133 Cal. 319, [65 Pac. 742, 978]; *Newman* v. *Barnet,* 165 Cal. 423, [132 Pac. 588].) The principle recognized in these cases is that since, in contemplation of law, a judgment which by mere inspection of the record is shown to be void is no judgment at all, an order of a justice purporting to set aside such a judgment may be said to be nothing more than a correction of his docket, so as to specifically and affirmatively state the fact already appearing, that there is no such judgment. That this may be done by a superior court is settled beyond question. (*Grannis* v. *Superior Court,* 146 Cal. 245, [106 Am. St. Rep. 23, 79 Pac. 891].)

On the other hand, respondent relies upon a line of decisions wherein the authority of a justice of the peace to set aside a judgment rendered by him is denied. The rule as stated in these cases is based upon the fact that justices' courts are of narrowly limited jurisdiction. (*Winter* v. *Fitzpatrick,* 35 Cal. 269; *Weimmer* v. *Sutherland,* 74 Cal. 341, [15 Pac. 849]; *Simon* v. *Justice's Court,* 127 Cal. 45, [59 Pac. 296].) "Inferior courts cannot go beyond the authority conferred upon them by the statute under which they act. They can assume no power by implication, and must keep within the power expressly given." So it was determined that a justice's court cannot take any judicial action modifying or recalling any of its judgments, except in the specific instances where such power is given by statute.

In *Storey* v. *Mueller,* 21 Cal. App. 301, [131 Pac. 763], it is

· said that *Winter* v. *Fitzpatrick,* 35 Cal. 269, was "a case wherein the statutory time had not elapsed between the service of summons and the rendition of the judgment." If this were so, the judgment, which was by default, necessarily would have been void; but if we refer to the terms of the Practice Act in force at the time of rendition of the judgment which was under review in *Winter* v. *Fitzpatrick,* we find that that judgment was not necessarily void. Section 541 of the Practice Act, as amended in 1854 (Stats. 1854, p. 67), was not again amended until March 30, 1868. (Stats. 1867–68, p. 551.) The proceedings· under review in *Winter* v. *Fitzpatrick* occurred in January and February, 1868. Under the terms of section 541 of the Practice Act as then in force, the summons might have required the defendant to appear on a day earlier than the date of the judgment in that case. Therefore, we are not able to say that the judgment was void, unless proved so by other evidence. It may be that in that instance, as was also the case in *Weimmer* v. *Sutherland* and *Simon* v. *Justice's Court,* the order made by the justice attempting to set aside his judgment was based upon evidence other than the docket and other than the papers on file. This, it was held, he could not do. It clearly appears that such attempted judicial action is beyond the power of the justice, even though it be admitted that possibly he has the right to make an order canceling his entry of a judgment where the judgment is void upon its face. We do not believe that the decision in *Newman* v. *Barnet,* 165 Cal. 423, [132 Pac. 588], was intended to affirm the jurisdiction of a justice of the peace to receive evidence and determine facts after judgment, upon a question of this kind.

Turning now to the order of July 18, 1914, which is under review in this action, and to the grounds of the motion upon which that order was based, we find that the judgment did not appear to be void for any of the reasons named in the notice of motion. The return to the summons showed that a copy of the complaint was served upon the defendant. The summons did have upon it the name of the plaintiff's attorney, and the return showed that the constable had served a copy thereof. The third reason stated was that service of the summons was not had upon defendant and return made within three years from the commencement of the action. This was true and so appeared on the face of the

record, but the fact was not sufficient to deprive the justice of jurisdiction. (*Hubbard* v. *Superior Court,* 9 Cal. App. 166, [98 Pac. 394] ; *Pistolesi* v. *Superior Court,* 26 Cal. App. 403, [147 Pac. 104].)

But the appellant claims that the judgment was void, and that this fact so appears from a mere inspection of the record thereof, because the attempted service of summons upon him was made in Imperial County, and it does not affirmatively appear that when served he was a resident of that county, nor that at the time of commencement of the action he was a resident of Los Angeles County. Section 848 of the Code of Civil Procedure, relating to actions in justices' courts, states that "the summons cannot be served out of the county wherein the action is brought, except in the following cases: . . . 2. When the action is brought against a party who has contracted in writing to perform an obligation at a particular place, and resides in a different county, in which case the summons may be served in the county where he resides; . . . 4. In all cases where the defendant was a resident of the county when the action was brought, or when the obligation was incurred, and thereafter departed therefrom, in which event he may be served wherever he may be found; . . . " Section 832 of the Code of Civil Procedure provides that the township in which the obligation is incurred is deemed to be the township in which it is to be performed, unless there is a special contract in writing to the contrary.

The complaint in *Roberts* v. *Francis* alleged that in the said Los Angeles township the defendant entered into a contract with plaintiff's assignor, which contract was set forth and is in the form of a written order for certain merchandise and is signed by the defendant. The complaint further alleged that said obligation was incurred and made payable at Los Angeles township, county and state aforesaid. These allegations were sufficient to bring the case within the terms of the above quoted subdivision 2 of section 848, and authorized service of the summons to be made upon the defendant in the county of his residence, even if he resided elsewhere than the county of Los Angeles. It is not pretended that in fact the defendant did not reside in the county of Imperial when the summons was served upon him. On this point it is merely claimed that the judgment is "void upon its face," because there is no affirmative statement in the

judgment or in the return of summons that the defendant resided in that county. But we think that if he did in fact reside in that county, the court obtained personal jurisdiction over him for the purposes of that case. In *History Co.* v. *Light,* 97 Cal. 56, [31 Pac. 627], it was held that a defendant has the right to move to set aside the service of a summons attempted to be made in violation of the above-mentioned provisions of section 848, and that the motion is properly made upon affidavits showing the grounds of the motion, and that the justice has jurisdiction to hear and decide such motion. But the court also said: "The burden of proving the improper service is, of course, upon the defendant in such a motion, and he should be required to present a clear case." If this was the rule of evidence upon a motion of that kind before judgment, it seems incontestable that upon a motion to set aside a judgment rendered upon a like record of service of process, the defendant must assume the same burden of showing that he was not a resident of the county where he was served. If this be true, then the judgment in *Roberts* v. *Francis* was not void upon its face, and any effort on the part of the justice to hear and act upon a motion to set aside such judgment would be an attempt to act judicially in a matter wherein his jurisdiction had been exhausted.

That the portion of the order of the justice's court which attempted to dismiss the action was beyond its jurisdiction, follows from our conclusion that it was without power to set aside the judgment.

The order of the superior court is affirmed.

James, J., and Shaw, J., concurred.