[Civ. No. 1864.    Second Appellate District.—February 2, 1917.]

## HARRY F. MAIDENBERG, Appellant, v. JUSTICE'S COURT OF LOS ANGELES TOWNSHIP, Respondents.

JUSTICE'S COURT—JUDGMENT IN EXCESS OF JURISDICTION—WRIT OF RE-VIEW—REMEDY BY APPEAL.—A writ of review cannot be resorted to for the purpose of annulling a judgment rendered by a justice's court on the alleged ground that the court exceeded its jurisdiction, where the alleged erroneous action can be corrected by appeal.

ID.—EXPIRATION OF TIME TO APPEAL—LACHES OF LOSING PARTY—WRIT OF REVIEW NOT ISSUABLE.—The fact that the losing party permitted the time to appeal to expire by reason of his own laches in not learning of the entry of the judgment in time to take the appeal will not justify the issuance of the writ of review.

ID.—JUSTICES' COURT APPEALS—NOTICE OF ENTRY OF JUDGMENT—SILENCE OF CODE.—There is no code provision requiring service of notice of entry of judgments in justices' courts to start the time running to perfect an appeal from the judgment.

APPEAL from an order of the Superior Court of Los Angeles County dismissing a proceeding in Certiorari to review a judgment of a justice's court.    Grant Jackson, Judge.

The facts are stated in the opinion of the court.

John C. Stick, and Collamer A'. Bridge, for Appellant.

Chas. S. McKelvey, for Respondents.

SHAW, J.—Upon the application of plaintiff as petitioner, the superior court of Los Angeles County issued a writ of *certiorari* directed to Edward Judson Brown, justice of the peace of Los Angeles Township, pursuant to which said justice of the peace certified and transmitted to said court for review, a transcript of its proceedings, including papers and docket entries, in a certain case, wherein petitioner was plaintiff and Roscoe E. Knight was defendant.    Upon an examination of such record had at the hearing, the court made an order in effect dismissing the proceeding.    On appeal therefrom, petitioner presents a transcript, certified by the clerk of the superior court, containing copies of the papers, docket entries, and proceedings of the justice's court in said action.

From this document it appears that upon the trial of the case in question being closed on February 5, 1915, defendant was instructed to file an amended answer; that on March 12th defendant filed an answer, admitting the claim of plaintiff in the sum of $201.66, and by way of counterclaim alleged there was due from plaintiff to him the sum of six hundred dollars, leaving a balance of some $398 due defendant from plaintiff; that he remitted therefrom the sum of $99; whereupon the court on said date rendered judgment in favor of defendant for $299.

The contention of petitioner is that the court exceeded its jurisdiction in entertaining said counterclaim in the sum of six hundred dollars so set up by defendant, and likewise exceeded its jurisdiction in entering judgment thereon without allowing plaintiff an opportunity to plead thereto; and also for the further reason that no copy of said amended answer and counterclaim was ever served upon plaintiff. Section 1068 of the Code of Civil Procedure provides that "a writ of review may be granted . . . when an inferior tribunal, . . . exercising judicial functions, has exceeded the jurisdiction of such tribunal, . . . and there is no appeal, . . ." Without discussing the merits of petitioner's contention as to want of jurisdiction in the justice to render the judgment, it is plain that the alleged erroneous action of the court could have been corrected by the superior court on an appeal from the judgment. Appellant concedes that an appeal would have afforded him an adequate remedy, but in his brief says that he did not have any notice of the entry of said judgment until April 14th, on which date the time for perfecting an appeal had expired, and for this reason invoked the aid of the writ of review. While so stated by counsel, the record brought up is silent upon the question. From aught that appears by the record to the contrary, plaintiff may have been in court when the answer was filed and present when the judgment was rendered, or had notice of the rendition of the judgment before the time for perfecting an appeal therefrom expired. At all events, we cannot accept the *ex parte* statements of counsel in lieu of facts shown by the transcript so sent up for review. "An appeal might have been taken, and it is no excuse that defendant did not know of the rendering of the judgment in time to avail himself of that remedy." (*Hall* v. *Justice's Court*, 5 Cal. App. 133, 139, [89 Pac.

870].) In the case of *Tucker* v. *Justice's Court*, 120 Cal. 512, [52 Pac. 808], it is said: "It is well settled that when an appeal may be taken, resort cannot be had to a writ of review. The cases so holding are numerous, and need not be cited." To the same effect are: *Weldon* v. *Superior Court*, 138 Cal. 427, 429, [71 Pac. 502], and *McCue* v. *Superior Court*, 71 Cal. 545, [12 Pac. 615]. In *Bennett* v. *Wallace*, 43 Cal. 25, referring to the function of the writ of review, it is said: "The statute was intended to supply a remedy where none existed in the first instance, and not to supplement one lost through the laches of the party himself." To like effect is *Hood* v. *Melrose*, 24 Cal. App. 355, [141 Pac. 396]. No provision seems to be made in the code requiring service of notice of the entry of judgments in justices' courts to start the time running within which the losing party may perfect an appeal from the judgment. In the present case, the action was tried on February 5th, and defendant given permission to file an amended answer. Judgment followed on March 12th. The time within which he might have perfected his appeal did not expire until April 12th. Two days thereafter, according to counsel's statement, he learned that the judgment was entered.

In our opinion, conceding the rendition of the judgment to have been in excess of the jurisdiction of the court, the perfecting of an appeal therefrom would have afforded petitioner an adequate remedy for the erroneous action of the court; there is nothing in the record showing that petitioner was deprived of an opportunity of prosecuting such an appeal, and his alleged failure to learn of the entry of the judgment was due to his own laches; and, since the law provides a remedy by appeal, in no event can resort be had to the writ of review.

The order appealed from is affirmed.

Conrey, P. J., and James, J., concurred.