[Civ. No. 2458. First Appellate District.—October 2, 1918.]

ELIZABETH KING, Respondent, v. PETER PAPAZIAN et al., Appellants.

APPEAL—FINDING—CONFLICTING EVIDENCE.—An appellate court will not disturb a finding which rests on conflicting testimony.

FRAUDULENT CONVEYANCE—CREDITOR'S BILL—JUDGMENT SUPPORTED BY FINDINGS.—In an action in the nature of a creditor's bill, findings that the transfer under attack was made voluntarily, and without a valuable consideration, at a time when the grantor was insolvent, fully support a judgment for the plaintiff.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Ernest Klette, for Appellants.

J. P. Bernhard, for Respondent.

STURTEVANT, J., *pro tem.*—This is an action in the nature of a creditor's bill. The plaintiff had judgment in the trial court and the defendants have appealed from the judgment and the order denying a new trial. The record was brought up under section 953a of the Code of Civil Procedure. The principal point made by the appellants is that certain findings are not supported by the evidence. The findings are general and special. The plaintiff alleged, and, by its general finding, the trial court found that the transfer under attack was made voluntarily and without a valuable consideration at a time when the grantor was insolvent and was, therefore, void. These findings alone fully support the judgment. (Civ. Code, sec. 3442.) The plaintiff alleged, and the trial court made a special finding, that the transfer in question was made with intent to defraud the creditors of the grantor and particularly this plaintiff and to prevent this plaintiff from collecting ·her judgment recovered in the basic suit. The record contains evidence to support each of said findings and the most that can be said is that there were some conflicts in

the evidence. But an appellate court may not disturb a finding which rests on conflicting testimony. As the trial court found that the transfer was not given for a valuable consideration, this case does not come within the rule, stated in *Hart* v. *Church,* 126 Cal. 471, [77 Am. St. Rep. 195, 58 Pac. 910, 59 Pac. 296], that the plaintiff must show the grantee's knowledge of the fraudulent intent of the grantor. It follows that the judgment should be affirmed, and it is so ordered.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred.