[Civ. No. 5881.  First Appellate District, Division One.—August 26, 1927.]

THE ASSOCIATED CREDIT EXCHANGE OF SAN FRANCISCO, Petitioner, v. T. BARNETT, etc., Respondent.

F. H. Ainsworth, Jr., for Petitioner.

Jacob S. Meyer for Respondent.

KNIGHT, J.—A proceeding in *certiorari* has been instituted herein for the purpose of reviewing and having annulled an order made by respondent, as justice of the peace, setting aside a default judgment, the ground of the application being that the motion pursuant to which said order was made was not presented within the limitation of time fixed by statute.

The facts are as follows: Petitioner brought an action in the justice's court in claim and delivery to recover possession of a sewing-machine or its alleged value, $122. Although personally served with summons, the defendants failed to appear, and on April 12, 1927, judgment by default was entered against them in accordance with the prayer of the complaint. On the following day the clerk of said court mailed to the defendants a notice of the entry of judgment addressed to them at their San Francisco address. On the ninth day thereafter, and on April 22d, said defendants served and filed a notice of motion, supported by affidavit, that on April 25th, twelve days after the mailing of the notice of the entry of judgment, they would move said court to set aside the default judgment, one of the grounds urged in support of the motion being that defendants held a receipt in full for the debt sued upon. In accordance with said notice of motion said justice fixed April 25th as the time for hearing said motion, and on May 2d granted the same. Subsequently, and on May 9th, the action was tried on the merits, petitioner participating in the trial by producing witnesses in support of its case, the substance of whose testimony was, as the petition herein alleges, that the receipt held by defendants "was given in error and that said defendants were erroneously credited with the payment on their account which should have been credited on the account of a third party and that said defendants were still indebted to said company in the sum of $25." The trial resulted in the entry of a judgment for the defendants, and on May 12th the present proceeding was commenced.

Petitioner contends that section 859 of the Code of Civil Procedure, from which justices' courts derive power to act in default matters, requires not only that a notice of motion to set aside a default judgment be given within ten days after notice of the entry of judgment, but that the motion

itself must be presented within the same limitation of time; and that since the motion in the present case was not presented within the period of time mentioned, the justice's court was without legal authority to grant the same.

Section 1068 of the Code of Civil Procedure provides: "A writ of review may be granted by any court, except a police or justice's court, when an inferior tribunal . . . exercising judicial functions, has exceeded the jurisdiction of such tribunal . . . and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy." As stated in California Jurisprudence (vol. 4, p. 1054), the provision of the section quoted "is not limited to the case where no appeal lies to the court petitioned for *certiorari*, but applies where no appeal lies to a court of common law jurisdiction, which can itself in a proper case issue the writ. Consequently, the latter will not be granted by the supreme court or the district court of appeal to review the judgment of a court of limited jurisdiction where the right of appeal to the superior court exists." ■ In other words, *certiorari* is not a writ of right, the granting or refusing to issue it resting in the discretion of the court; and it will not be issued where the matter sought to be reviewed can be heard and determined on appeal (*Olcese* v. *Justice's Court*, 156 Cal. 82 [103 Pac. 317]); furthermore, it is immaterial whether the writ be applied for prior to or after the expiration of the time limited by law for such appeal, the controlling question being whether the right of appeal exists, and not whether advantage has been taken thereof (*Postal Telegraph-Cable Co.* v. *Superior Court*, 22 Cal. App. 770 [136 Pac. 538]; *Maidenberg* v. *Justice's Court*, 32 Cal. App. 686 [163 Pac. 872]; *McCue* v. *Superior Court*, 71 Cal. 545 [12 Pac. 615]).

■ As shown by the facts hereinabove set forth, petitioner proceeded to trial on the merits in the justice's court after the order now claimed to be void was granted, by adducing evidence in support of its complaint, with the result that an adverse judgment was obtained. Therefore, sections 974 and 975 of the Code of Civil Procedure afforded petitioner a remedy by appeal from that judgment to the superior court on questions of law, which, if invoked, would have subjected to review "all orders affecting the judgment appealed from," the order setting aside the judg-

ment by default being necessarily included therein; and the superior court would have been given power, in the exercise of its appellate jurisdiction, to annul the latter order and to vacate the judgment appealed from, without granting a new trial (Code Civ. Proc., sec. 980). Assuming, therefore, as petitioner contends, that the justice's court was without legal authority to grant the order complained of because of the failure to present the motion therefor within the limitation of time fixed by said section 859 (*Simon* v. *Justice's Court*, 127 Cal. 45 [59 Pac. 296]; *Storey* v. *Mueller*, 21 Cal. App. 301 [131 Pac. 763]; *Roberts* v. *Justice's Court*, 29 Cal. App. 768 [157 Pac. 511]), no valid reason appears why the matter now sought to be reviewed on *certiorari* should not have been presented, heard, and determined on appeal to the superior court; consequently, under the decision in *Olcese* v. *Justice's Court, supra,* the writ should be denied. It is so ordered.

Tyler, P. J., and Cashin, J., concurred.