[S. F. No. 2632.   Department Two.—May 13, 1903.]

HIBERNIA SAVINGS AND LOAN SOCIETY, Respondent, v. FLORENCE PORTENER, Appellant.

FORMER JUDGMENT—DISMISSAL OF ACTION WITHOUT PREJUDICE—NEW ACTION NOT BARRED.—A former judgment dismissing an action at plaintiff's cost, at his request, without prejudice to a new action, and without adjudication of the former action upon the merits, is no

bar to a new action by the same plaintiff against the same defendant upon the same cause of action.  A judgment not upon the merits is not an estoppel under section 1908 of the Code of Civil Procedure.

ID.—JUDGMENT BY DEFAULT SET ASIDE—RIGHT OF DISMISSAL.—Where a former judgment by default was set aside on motion of the defendant, with leave to answer, and no answer was filed, the cause stood upon the complaint alone, as though there had been no trial or judgment, and the plaintiff was entitled to dismiss the action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.  J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

John B. Weller, and A. D. Splivalo, for Appellant.

The dismissal of the action in court operated as a *retraxit* and a bar to this action.  (3 Blackstone's Commentaries, 296.) A judgment dismissing an action is a bar to any further action for the same cause.  (*Bank of Commonweatlh* v. *Hopkins,* 2 Dana, 395; *Leese* v. *Sherwood,* 21 Cal. 151; *Heinlen* v. *Castro,* 22 Cal. 100; *Gray* v. *Dougherty,* 25 Cal. 266; *Merritt* v. *Campbell,* 47 Cal. 452; *Westbay* v. *Gray,* 116 Cal. 666; *Phillpots* v. *Blaisdell,* 10 Nev. 19; *Hoover* v. *Mitchell,* 25 Gratt. 387; *Nohlford* v. *Compton,* 79 Va. 333.)

Tobin & Tobin, and J. J. Dwyer, for Respondent.

There was no judgment upon the merits, and no agreement for dismissal, and the dismissal without prejudice concluded no one.  (*Davenport* v. *Turpin,* 43 Cal. 597, 602; *Lord* v. *Dunster,* 79 Cal. 489; *Parks* v. *Dunlap,* 86 Cal. 189; *Rosenthal* v. *McMann,* 93 Cal. 505; *Pierce* v. *Hilton,* 102 Cal. 276.)

CHIPMAN, C.—Foreclosure of mortgage.  Plaintiff had judgment, from which and from the order denying her motion for a new trial defendant appeals.  The following are the facts in the case: Defendant executed and delivered to plaintiff her promissory note, dated December 9, 1891, for ten thousand dollars, payable one year after date, and gave her mortgage to secure payment of same.  On October 23, 1893, plaintiff filed its complaint asking foreclosure of said mortgage, and summons duly issued and was returned not served.  Thereafter

affidavit was made that defendant was concealing herself to avoid service, and service was made by publication of summons agreeably to an order of court; and thereafter, on motion of plaintiff, a default judgment was duly made and entered as prayed for in the complaint, on December 7, 1895. Thereafter defendant made a motion in said action to vacate and set aside said last-named judgment on the ground, among others, that the judgment had been entered through the mistake, inadvertence, surprise, and excusable neglect of defendant. Said motion was granted January 10, 1896, by order of court. By the order the default of defendant was set aside and the judgment vacated and execution was recalled. Leave was granted defendant to answer the complaint, counsel for plaintiff consenting to all said orders. Defendant did not answer, and without further proceedings plaintiff, on March 21, 1896, filed a voluntary dismissal of the said last-mentioned action, "without prejudice, at plaintiff's costs," and on the same day the court made an order by which it "adjudged and decreed that . . . plaintiff take nothing by this its said action against . . . defendants, but that judgment of dismissal be and the same is hereby entered herein without prejudice and at plaintiff's costs." Judgment was accordingly entered, and on the same day, in addition to the foregoing facts found by the court in the present action, it was also found "that said judgment of dismissal of said former action commenced as aforesaid on, to wit, the twenty-third day of October, 1893, was not a judgment on the merits, and is not a full nor complete nor any bar to the present action, nor to the cause of action set forth in the complaint herein." It appears that on the same day of the dismissal of the former action plaintiff filed its complaint in the present action, which was in all respects similar to the complaint in the first action, and on the same note and mortgage. Summons was duly issued and served personally on defendant, and she answered. In her answer she pleaded as a separate defense the facts above set forth touching the first action, and alleged that "the judgment of dismissal therein, on motion of plaintiff, is a full and complete bar to this action and to the cause of action set forth in the complaint herein." It is now contended by appellant that by the dismissal "plaintiff withdrew and abandoned its former action, which was equivalent to a *retraxit.*" (3 Blackstone's Commentaries, 296.)

Certain cases decided by this court are cited to the effect that, after an action has been tried and submitted, the plaintiff has no right to dismiss it; nor has the court, then, any authority to enter an order of dismissal without the consent of defendant. (Citing *Heinlein* v. *Castro,* 22 Cal. 100; *Gray* v. *Dougherty,* 25 Cal. 266; and some other cases; and relying also on *Westbay* v. *Gray,* 116 Cal. 660.)

We do not think the dismissal of the first action was a bar to the second. As was said in *Westbay* v. *Gray,* 116 Cal. 660, "It was not a judgment on the merits, and if a bar to the case in hand, it must be because it was in effect a *retraxit.*" It is then said: "A *retraxit* occurred at common law when a plaintiff came into court in person (under our practice this may be by counsel) and voluntarily renounced his suit for cause of action, and when this was done and a judgment was entered in favor of defendant, the plaintiff's cause of action was forever gone." (Citing 3 Blackstone's Commentaries, 296.) An instance where, by agreement of the party, an order of dismissal is entered which operated as a *retraxit* is found in *Merritt* v. *Campbell,* 47 Cal. 542. But in that case the court said: "We are not to be understood as holding that a mere dismissal of an action by the plaintiff, under the statute, and without any agreement upon his part to do so, is to be held to constitute a bar to its renewal, nor that a judgment of nonsuit even, entered by consent, would have that effect, but only that a judgment of dismissal when based upon and entered in pursuance of the agreement of the parties must be understood, in the absence of anything to the contrary expressed in the agreement and contained in the judgment itself, to amount to such an adjustment of the merits of the controversy by the parties themselves, through the judgment of the court, as will constitute a defense to another action afterward brought upon the same cause of action." (See, also, *Crossman* v. *Davis,* 79 Cal. 603.) In *Westbay* v. *Gray,* the dismissal was "entered without prejudice to the commencement of another action," and so was the judgment of dismissal here "without prejudice." We think *Westbay* v. *Gray,* relied on by appellant, is authority against her contention. When the former judgment was set aside the cause stood on the complaint alone; it stood as though there had been no trial and no issues formed, and this situation was

the result of defendant's own action and for her benefit. The dismissal was proper under subdivision 1 of section 581 of the Code of Civil Procedure. It is manifest from the facts that the court did not intend to, and did not, pass upon the merits of the controversy in its judgment of dismissal, and it has been held in such a case that, even though the dismissal did not come under any of the subdivisions of section 581, it was not a bar because it did not pass upon the merits. (*Rosenthal* v. *McMann,* 93 Cal. 505.) A judgment not upon the merits is not an estoppel under section 1908 of the Code of Civil Procedure.

The judgment and order should be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Henshaw, J., Lorigan, J.

Hearing in Bank denied.