[S. F. No. 3744. In Bank.—February 7, 1907.]

## FRANK SOULE, Respondent, v. FRANK PAGE BACON et al., Appellants.

DECREE OF DISTRIBUTION—RELIEF IN EQUITY—MISTAKE IN AMOUNT OF LEGACY—TRUST—SUPPORT OF FINDING AGAINST NEGLIGENCE.—In this action in equity to enforce a trust against residuary legatees and their interest in a corporation organized by them to take their residuary interest under a decree of distribution, on the ground of mistake in the decree to the injury of plaintiff, under the same facts shown in case No. 3741, *ante,* p. 477, with additional facts tending to show some degree of negligence on the part of plaintiff in failing to discover the mistake prior to the decree, but not so marked or inexcusable as to overcome the implied finding of the court to the contrary, or to show that the opposing parties were thereby prejudiced, the decision of the court in favor of the plaintiff will be affirmed.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. Samuel P. Hall, Judge.

The facts are stated in the opinion of the court.

R. B. Mitchell, for Appellants.

Bishop & Wheeler, and W. W. Deamer, for Respondent.

SHAW, J.—This was an action by the plaintiff to declare the defendants involuntary trustees of the plaintiff with respect to the sum of eight thousand dollars belonging to the estate of Henry D. Bacon, deceased, which is claimed by plaintiff as the balance of a legacy given to him by the last will of said deceased, but which, by the decree of final distribution of said estate, was distributed to a corporation organized by the defendants to take and hold the property for their benefit. Judgment was given for plaintiff in the court below. The defendants appealed from the judgment and from an order denying their motion for a new trial.

The case is, in all important particulars, identical with the case of *Bacon* v. *Bacon,* decided concurrently with this case. (*Ante,* p. 477, [89 Pac. 317].) The parties defendant are the

same and the case depends on the same clause in the will of Henry D. Bacon and involves the same mistake with respect to the word "ten" in that part of the clause relating to the husband of the defendant Ella Etta Bacon Soule. The plaintiff was the husband of said defendant, and as such he was given a legacy of ten thousand dollars by the will, but by reason of the mistake he received only two thousand dollars. An estrangement between the husband and wife occurred similar to that in the other case. The questions of law involved, and the facts and evidence also, are, with a few unimportant exceptions, of similar effect to those set forth in the aforesaid case of *Bacon* v. *Bacon*, and for the evidence, the facts, and the law of this case we refer to the opinion in that case, where they are elaborately stated and discussed. In this opinion we confine ourselves to a discussion of the exceptions.

Frank Soule, the plaintiff here, was present at the first reading of the will prior to its probate, and at that time, after it had been read aloud by the attorney for the executor and executrices, he took it in his hands for a moment and looked at it, but, not having on his spectacles at the time, he did not read it, but passed it on to the others. At that time, and while the persons interested were assembled in the presence of the executor and executrices appointed by the will, one of them voluntarily promised, on behalf of all, that they would prepare copies of the will and send one to each person receiving a legacy. A few days afterwards the plaintiff was presented with a copy of the will by his wife, who was an executrix, with the statement that it was the copy promised. Shortly afterwards he read in a newspaper a statement, purporting to give the substance of the will, in which the amount of his legacy was stated as ten thousand dollars. There was some conversation at that time between himself, his wife, and her sister, the defendant Carrie Jennie Bacon, in which the plaintiff and his wife both remarked that they supposed the newspaper statement regarding his legacy was a typographical error or an ordinary newspaper exaggeration. He never at any time had further cause to suspect that his copy of the will was not accurate or that his legacy was larger than two thousand dollars, or that the representatives of the estate were not dealing fairly and honestly with him. In all

other respects the present case is not materially different, in respect to the facts, from that of the plaintiff in the case of *Bacon* v. *Bacon, ante,* p. 477, [89 Pac. 317]. It is apparent in both cases, from the conduct of the parties, that all the interested persons had full confidence in the capacity and integrity of the attorney who read the will aloud at the meeting above mentioned. There never was any statement or intimation to the plaintiff, from any source, that the writing of the words in the will was at all difficult to decipher,· or that any person who read it had any hesitation in pronouncing as "two" the word, which in fact was "ten," designating the number of thousands of dollars to be given to the plaintiff, unless it was given by the newspaper article above mentioned.

The facts here recited, when considered in connection with the facts appearing in the case of *Bacon* v. *Bacon,* aforesaid, do not require a decision at our hands different from that made in that case. The facts that all parties were mistaken in regard to the amount of the legacy is entirely clear. The only effect of the additional facts recited is to make a somewhat stronger case of negligence on the part of the plaintiff here in failing to discover the true amount of the legacy until after the decree of distribution. But with this additional evidence on the subject, the negligence of the plaintiff is not so marked and inexcusable that we can say that the implied finding of the court that the mistake, so far as he was concerned, was not caused by his inexcusable negligence, should be set aside and the case reversed. There are many cases holding that the party may have relief in equity from the consequences of his mistake of fact, although he was somewhat negligent in making the mistake, if his negligence in no way prejudiced the opposing party. (*Mayer* v. *Mayor,* 63 N. Y. 455; *Snyder* v. *Ives,* 42 Iowa, 157; *Lewis* v. *Lewis,* 5 Or. 170; *Capehart* v. *Mhoon,* 5 Jones Eq. 179; *Voorhis* v. *Murphy,* 26 N. J. Eq. 434.) Although this rule may not apply with full force to suits in equity to relieve a party from a judgment, nevertheless the failure of the plaintiff under the circumstances of the case to make an earlier discovery of the true amount due him was not negligence of such a character that it must be declared negilgence in law, contrary to the implied finding of the court that it was not negligence.

At most, it was a question of fact for the court below to determine whether or not the lack of vigilance on the part of the plaintiff was such as would not have occurred with a man of ordinary care and prudence, under the same circumstances. That court has decided the question in favor of the plaintiff, and we are satisfied with its conclusion.

Some additional errors of law in the admission of evidence are assigned, but we do not think they are of sufficient importance to require discussion. The objections made were either properly overruled or the evidence elicited was of such slight importance that we cannot believe that the court below could have been influenced thereby in the least in coming to a decision.

The judgment and order are affirmed.

Angellotti, J., Sloss, J., McFarland, J., Lorigan, J., and Henshaw, J., concurred.