[Civ. No. 2989. Fourth Dist. Jan. 14, 1943.]

T. L. EULENBERG et al., Appellants, v. TORLEY'S INC. (a Corporation) et al., Respondents.

Martin C. Casey and John P. Tobin for Appellants.

J. Vincent Hannon, T. G. Dalton and Fred A. Wilson for Respondents.

BARNARD, P. J.—This is an action for declaratory relief, for possession of certain premises and for damages. Torley's Inc. operated a store, consisting of several departments, in Ontario. T. L. Eulenberg went to work in the drug department of this store with an agreement that if he were satisfied he should have the right to purchase the merchandise in that department, with a lease for the space occupied by it. Shortly thereafter, the parties entered into a memorandum of agreement which provided that these plaintiffs were to buy from Torley's Inc. the stock of goods in this department not exceeding a value of $3,000; that the stock was to be inventoried at present cost prices; that the plaintiffs would pay for this merchandise $500 in cash at the time of signing a lease; that they would pay the balance at $200 a month, plus interest, the instalments to begin one month after the date the lease was signed; that the deferred payments were to be evidenced by a promissory note and secured by a chattel mortgage on fixtures reasonably worth $2,500 to be installed by the plaintiffs; that a bill of sale of the merchandise was to be given when such mortgage was recorded; that the mortgage was also to secure the performance of all of the terms of the lease which was to be executed; that the term of the lease was to be two years from the date the lease was executed; and that the contemplated lease should contain certain other provisions which are immaterial insofar as this appeal is concerned.

On June 14, 1939, Torley's Inc. served upon these plaintiffs a written notice which recited that because of their failure and refusal to consummate the agreement with respect to the purchase of the stock of goods, the agreement therefor and for the furnishing of a lease was rescinded, with a demand for the possession of the premises in question, and which further notified the plaintiffs that they might, within 24 hours, remove any merchandise or fixtures which they had installed. The plaintiffs refused to vacate the premises or remove any articles, and on June 15, 1939, Torley's Inc. took possession and stored all such personal property in a warehouse in the names of the plaintiffs.

On July 13, 1939, these plaintiffs brought an action against Torley's Inc. asking damages for unlawful eviction,

it being alleged that these plaintiffs were the owners of a leasehold interest in the premises in question under the terms of the memorandum agreement above referred to, a copy of which was set out in the complaint. In a second cause of action it was alleged that Torley's Inc. had converted to its own use the stock of merchandise in this drug store to plaintiffs' damage in the sum of $4,300. At the trial of that action the court held that the written agreement upon which the action was based did not constitute a lease. Thereupon, the court granted a motion for a nonsuit as to the first cause of action. The plaintiffs then stated in open court that they abandoned their second cause of action and moved for its dismissal. This motion was granted. A judgment was then entered in favor of the defendant, no appeal was taken and that judgment has become final.

Fourteen months after judgment in that action was entered a third amended complaint was filed in the present action. This complaint contains eleven causes of action, the first ten of which are based upon the theory that the memorandum of agreement above referred to constituted a lease and that under its terms the plaintiffs were entitled to the possession of the premises in question. The other cause of action was for damages alleged to have been suffered through the conversion by the defendants of the stock of goods and fixtures which were alleged to have been the property of the plaintiffs. The present action joined as defendants Torley Land Company, a corporation, which was alleged to be the owner of the land on which the store in question was located, and also J. M. Torley and Ray E. Torley, who were alleged to be directors of Torley's Inc., a corporation. Separate answers were filed by Torley's Inc., a corporation, and by J. M. Torley, Ray E. Torley and Torley Land Company, in each of which it was pleaded, among other things, that all causes of action were barred by the judgment in the former action, which judgment had become res judicata as to all issues raised in this action. At the trial of this action, the special defense of res judicata, with respect to all issues based and raised upon the existence of a lease between the parties, was first considered, evidence thereon was received, and the court announced that it considered the judgment in the other case, interpreting as it did the agreement here relied upon, as binding and controlling in the instant case. Counsel for the plaintiffs then stated that he gave oral notice of appeal and would follow this with a written notice of

appeal. Counsel for the defendants then called attention to the fact that this action included a claim for damages for conversion of the fixtures, which was not within the issues of the other action, stated that these fixtures were in the warehouse where they were available to the plaintiffs and demanded that the plaintiffs proceed at that time to try "any issue of fact remaining," and that "there are one or two minor items as yet undetermined. I think we should try those unless you want to abandon that now." Counsel for the plaintiffs stated that he insisted on his right of appeal and declined to put on any evidence as to the other issues. The court made findings in favor of the defendants on all of the issues and the plaintiffs have appealed from the judgment which followed.

The appellants first contend that the judgment in the prior action, being based upon a nonsuit insofar as the first cause of action is concerned, is not a bar to another action presenting the same issues. Cases are cited wherein it has been held that judgments of nonsuit based upon the insufficiency of the evidence are not a bar to subsequent suits on the same causes of action for the reason that they are not judgment on the merits. This is not the rule, however, when a nonsuit is based upon the ground that the evidence introduced shows affirmatively, as a matter of law, that the plaintiff is not entitled to recover. It is well settled that any decision determining the validity of a written instrument or passing upon a controversy with respect to the interpretation thereof is a decision on the merits. (*Robinson* v. *Howard,* 5 Cal. 428; *McMickens* v. *McMickens,* 220 Cal. 731 [32 P.2d 597]; *See* v. *Joughin,* 18 Cal.2d 603 [116 P.2d 777].) The judgment in the former action was based upon a holding that the written instrument relied upon by the appellants, both in the former action and this action, did not constitute a lease, that no lease between the parties existed and that these appellants had no possessory rights in and to the premises in question. It not only appears from the instrument itself that the interpretation placed upon it in the former action was correct, but the judgment in that action having become final the interpretation thus given is conclusive and binding upon the parties as to all issues which depend upon rights arising from such purported lease. Insofar as this action is based upon the existence of the lease, or the interpretation thereof, and this applies to the major portion of the issues involved in this action, this action was clearly

barred by the judgment in the former action, which is res judicata as to such issues.

The appellants further contend that, in any event, the judgment in the former action is not a bar to certain new issues raised in this action and because new defendants were added in this action. The addition of the new defendants added nothing with respect to the issues based upon the existence of a lease, which issues are exactly the same in both actions, it being merely alleged that the new defendants had something to do with the property involved in the purported lease. Both actions presented an issue as to the conversion of the stock of merchandise alleged to have been owned by the appellants. The present action did contain an issue with respect to the conversion of drug store fixtures alleged to have been owned by the appellants, which issue is not involved in the former action. Counsel for the respondents stated that these fixtures were stored in a warehouse and offered to permit the appellants to take possession thereof. It would seem, although the record does not clearly show this, that this situation applied to certain of the merchandise which had been brought upon the premises by the appellants. With respect to the issue as to the conversion of the stock of goods the appellants contend that the judgment in the former action is not a bar because that judgment was based upon the dismissal of that cause of action on their own motion. While, ordinarily, a judgment of dismissal upon the motion of the plaintiff is not a bar to a subsequent action (*Hibernia Sav. etc. Soc.* v. *Portener*, 139 Cal. 90 [72 P. 716]), a different situation exists where it affirmatively appears that the plaintiff intended to abandon the action, in which case it is treated as a *retraxit*. (*Chase* v. *Van Camp Sea Food Co., Inc.*, 109 Cal.App. 38 [292 P. 179]; *Westbay* v. *Gray*, 116 Cal. 660 [48 P. 800].) It appears here that in the former action these appellants announced in open court that they abandoned their alleged second cause of action. However, it is unnecessary to decide whether or not this was such an abandonment of the cause of action with respect to conversion of the merchandise as would preclude a later action on that issue. In any event, an issue was presented as to the conversion by these respondents of certain merchandise and also of certain fixtures which had been brought upon the premises by the appellants and which were removed by the respondents and placed in a warehouse in the names of the appellants. No evidence was presented on these issues and

the appellants expressly declined to produce any evidence thereon. The appellants now state in their briefs "if the affirmative defense as alleged constitutes res judicata, then it is and was useless to proceed on the new matter." The affirmative defense of res judicata was not sustained as to all of the issues and no reason appears why the appellant should not have presented evidence on the remaining issues, if any they had. The respondents insisted that all of the issues raised by the pleadings be tried at that time and the appellants declined to present any evidence on the issues of conversion, either with respect to the stock of merchandise or the fixtures. In the absence of any evidence on these issues the findings of the court thereon must be sustained.

The judgment is affirmed.

Marks, J., concurred.

A petition for a rehearing was denied February 13, 1943, and appellants' petition for a hearing by the Supreme Court was denied March 11, 1943. Carter, J., voted for a hearing.