[Civ. No. 3304.   Fourth Dist.   Sept. 7, 1943.]

ERNEST W. BARTELL, Appellant, v. J. H. JOHNSON, Respondent.

J. Dean La Motte for Appellant.

J. H. Johnson in pro. per. for Respondent.

GRIFFIN, Acting P. J.—The trial court sustained defendant's general demurrer to plaintiff's complaint without leave to amend. Plaintiff appeals from the judgment based thereon. The complaint alleges generally that on July 17, 1941, defendant herein, J. H. Johnson, filed a complaint in the Municipal Court of San Diego County where plaintiff here, Ernest W. Bartell, was a defendant therein; that the complaint there

filed purported to allege a cause of action in favor of the plaintiff therein and against the defendant therein for and on account of personal injuries sustained by that plaintiff (Johnson), who is the defendant here, while he was on board of a certain fishing boat known as the "Sportsman," owned and operated by plaintiff Bartell; that a copy of the summons and complaint in that action was allegedly served upon Bartell on March 21, 1942; that on April 1, 1942, a request for a default of the defendant was filed by Johnson with the clerk of that court; that thereafter, on April 2, 1942, judgment by default was made by the court and entered in plaintiff's favor and against the defendant Bartell in the sum of $770; that Bartell, by reason of accident, mistake, inadvertence, surprise and excusable neglect and fraud, failed to appear and answer the complaint within the time allowed by law; that plaintiff herein had, at the time of the entry of the default and judgment, and still has, a good and sufficient defense to the action; that an unfair advantage was practiced by Johnson upon the court in those proceedings; that previously, about October 14, 1940, a complaint was filed in the municipal court in San Diego wherein Johnson was plaintiff and Bartell was defendant; that the complaint purported to allege and set forth a cause of action in favor of Johnson and against Bartell for damages allegedly sustained by Johnson as the result of personal injuries sustained on board the fishing boat which was operated by Bartell. A copy of the complaint and summons was served upon Bartell in that action. He filed his verified answer thereto denying the allegations of the complaint, and in addition thereto set up a separate affirmative defense of contributory negligence on the part of Johnson. The issues raised by the complaint and answer were duly heard before the municipal court without a jury and at the conclusion of plaintiff's evidence the court granted a nonsuit. On a motion to vacate the order granting the nonsuit the municipal court judge prepared a memorandum decision which is annexed to the complaint on file herein. A copy of the written judgment entered upon the nonsuit was by reference made a part of the complaint filed herein. The complaint further alleges that on September 12, 1941, Johnson filed a notice of appeal to the appellate department of the superior court from the judgment of nonsuit; that later the appeal was duly and regularly presented, argued and heard before said appellate department and a judgment of nonsuit was

affirmed. A copy of the opinion of the appellate department of the superior court was annexed to plaintiff's complaint on file herein. The complaint then alleges that notwithstanding the judgment first made and entered in the first action was denominated judgment of nonsuit, that said judgment was, nevertheless, in truth and in fact, a judgment for the defend· ant based upon the contributory negligence of the plaintiff; that said trial was a full and complete trial, hearing and judicial determination on the merits, and that the judgment entered thereon was and is res judicata and was a bar to any subsequent action between the same parties and involving the same identical issues and subject matter; that the reason the plaintiff Bartell failed and neglected to appear and interpose his good and sufficient defense to the second alleged cause of action after the copy of the complaint and summons in said second cause of action was served upon him on March 21, 1942, was because he was in receipt of a communication in writing from his attorney of record in the first cause of action informing him as follows: ''November 25, 1941. Dear Mr. and Mrs. Bartell: I won in your case on appeal. The matter is now finally closed. Kind regards.''

The complaint further alleges that plaintiff herein relied upon said communication from his attorney and was inadvertently misled thereby; that he had the utmost faith and confidence in his said attorney and by reason thereof failed to appear and answer the complaint which was served upon him, and that he was ignorant of his legal rights and procedure and for this reason was rendered unable to interpose his good and sufficient defense that existed then and still exists in his favor; that the defendant Johnson is an attorney at law and was well read and learned in the law, and used his knowledge to perfect an unfair and inequitable advantage of the plaintiff; that plaintiff had no notice, directly or indirectly of the entry of his default on April 1, 1942, or of the judgment by default on April 2, 1942; that the first intimation or knowledge that this plaintiff had of said default judgment was on October 28, 1942, at which time Johnson, plaintiff in the second cause of action, caused an execution which had theretofore been issued, to be levied upon the wages and earnings of the defendant; that immediately upon ascertaining said facts the plaintiff herein proceeded to take steps to set aside that judgment; that he has been denied his legal remedy of pursuing a motion to vacate the default pursuant

to section 473 of the Code of Civil Procedure for the reason that more than six months had elapsed from the time of the entry of the default and receipt of notice of the same by the plaintiff. Plaintiff then prays that the judgment be declared to be null and void; that defendant Johnson be enjoined forever from enforcing the same; that the default of Bartell and the judgment entered by the municipal court on April 2, 1942, be set aside and vacated and that plaintiff be permitted to appear and interpose his defense to that action, and for general relief. The memorandum decision of the municipal court given on the hearing of the motion to vacate the order granting a nonsuit shows that the nonsuit was granted for the reason that the plaintiff's own evidence showed that he was guilty of contributory negligence. The written judgment of nonsuit recites that it was granted for the reason that ". . . plaintiff had failed to prove a sufficient case for the court." The written opinion of the superior court, sitting as a court of appeals, shows that a perusal of the evidence "convinces us that it sufficiently appears that there was adequate warning to plaintiff before he fell, of the condition of the deck . . ." and held that the nonsuit was proper.

Respondent argues that a judgment of nonsuit is never a bar to a subsequent cause of action, and cites many cases in support thereof. Appellant concedes the general rule where the motion is granted on the ground of insufficiency of the evidence, but contends such is not the rule in those cases like the one at bar, where contributory negligence is pleaded as a separate affirmative defense and is one of the issues presented and where the nonsuit was based upon the ground that the evidence introduced shows affirmatively as a matter of law that the plaintiff was not entitled to recovery. The exception above noted was referred to in *Eulenberg* v. *Torley's, Inc.,* 56 Cal.App.2d 653 [133 P.2d 15], where we said: "Cases are cited wherein it has been held that judgments of nonsuit based upon the insufficiency of the evidence are not a bar to subsequent suits on the same causes of action for the reason that they are not judgment on the merits. This is not the rule, however, when a nonsuit is based upon the ground that the evidence introduced shows affirmatively, as a matter of law, that the plaintiff is not entitled to recover." (See, also, *Williams* v. *MacDonald,* 180 Cal. 546, 547 [182 P. 29], and cases cited.)

Under the authorities cited it appears from the allega-

tions of the complaint that if the judgment of nonsuit in the former action was based upon the contributory negligence of the plaintiff as a matter of law, it is res judicata and would be a bar to any subsequent action between the same parties and upon the same cause of action. If these allegations are true, plaintiff's complaint does state a cause of action.

The only other question presented is whether, in view of the terms of section 473 of the Code of Civil Procedure, where more than six months elapse from the time of entry of the default judgment one might be precluded from seeking relief, plaintiff may now, through an independent action in equity, such as this one, obtain the relief prayed for in the complaint. This same question was thoroughly discussed in the late case of *Hallett* v. *Slaughter*, 22 Cal.2d 552 [140 P.2d 3]. The majority opinion there held that such an action might be maintained under facts quite similar to the ones here pleaded. Appellant argues that the "dissenting minority opinion expressed the general and dominant law." The Hallett case was an action in equity seeking to set aside and vacate a judgment by default secured against Hallett in a municipal court of Los Angeles County, in which case Slaughter was awarded a money judgment against Hallett for certain sums which Slaughter collected from her by means of levies upon her salary under the municipal court judgment. Enforcement of the municipal court judgment was enjoined and the municipal court was ordered to permit Hallett to file her answer in that court within ten days after judgment in the superior court became final. The judgment of the trial court was affirmed. In that case Hallett was served with a copy of the summons and complaint in the municipal court action. She forthwith employed an attorney to represent her in the action. Her answer to the complaint was prepared by her attorney and verified by her, and was deposited in the mail accompanied by the requisite filing fee, directed to the clerk of the municipal court. On the same day a copy of the answer was mailed to the attorney for the plaintiff in the municipal court action. Neither the original nor the copy of the answer was received by the respective addressees nor returned to Hallett's attorney, but both were lost. The default of Hallett was entered in the municipal court action and judgment by default was taken against her. Execution was levied upon her salary. This was the first knowledge she had that her answer had not

reached the clerk of the court and that judgment had been taken against her. The trial court found that plaintiff Hallett had a meritorious defense to the municipal court action but that by the accidental loss of her answer and the mistaken belief on her part and on the part of her attorney that the answer was on file she was prevented from setting up such defense; that the loss of the answer and the mistaken belief that it was on file were due "not to any fault or neglect of hers or her attorney"; that she was diligent in bringing the present suit and not guilty of laches; that Slaughter wilfully and with the intent to lull Hallett into a false sense of security, refrained from proceeding in that action until Hallett's rights under section 473 of the Code of Civil Procedure were barred by lapse of time. *Soule* v. *Bacon*, 150 Cal. 495 [89 P. 324], is there quoted with approval as follows: "There are many cases holding that the party may have relief in equity from the consequences of his mistake of fact, although he was somewhat negligent in making the mistake, if his negligence in no way prejudiced the opposing party. . . . At most, it was a question of fact for the court below to determine whether or not the lack of vigilance on the part of the plaintiff was such as would not have occurred with a man of ordinary care and prudence, under the same circumstances. That court has decided the question in favor of the plaintiff, and we are satisfied with its conclusion." It then held that the plaintiff in the Hallett case was prevented by extrinsic accident and mistake of fact from presenting her defense in the municipal court action, and that such accident and mistake furnished a ground for equitable intervention under the circumstances of the case, citing many cases. We are convinced that the quoted portion from *Soule* v. *Bacon, supra,* is equally applicable to the facts pleaded in this case, and that the question whether the plaintiff in the instant action is entitled to relief in equity as a consequence of his mistake of fact is a question of fact for the court below to determine, and the majority holding in *Hallett* v. *Slaughter, supra,* is controlling in the instant case.

Judgment reversed.

Marks, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 4, 1943. Gibson, C. J., Carter, J., and Traynor, J., voted for a hearing.