**JAMES J. WILLIAMS, INC., Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

No. 2512.

United States District Court
E. D. Washington.

March 31, 1965.

Hugh A. Dressel, Spokane, Wash., William B. Adams, Portland, Or., for plaintiff.

Frank R. Freeman, U. S. Atty., Spokane, Wash., for the United States.

Robert W. Ginnane, Gen. Counsel, Interstate Commerce Commission, Washington, D. C., for Interstate Commerce Commission.

Before POPE, Circuit Judge, and JAMESON and POWELL, District Judges.

PER CURIAM.

The plaintiff asks this Court to set aside and annul certain orders of the Interstate Commerce Commission. The case came on for hearing January 21, 1965, on plaintiff's complaint and the defendants' joint answer. The Court heard oral argument. From the entire record this Court makes the following Findings of Fact:

1. Plaintiff is the holder of certificates issued to it by the Interstate Commerce Commission in Docket MC–115523, which among other things authorized plaintiff to transport certain fertilizers and fertilizer compounds between points in Washington in interstate and foreign commerce.

2. Defendants are the United States of America and the Interstate Commerce Commission. Clark Tank Lines Company, the holder of the certificate under attack in this proceeding, has not asked to intervene.

3. This action is brought by plaintiff under 28 U.S.C. §§ 1336, 1398, 2284, 2321 through 2325, and 5 U.S.C. § 1009, to set aside an order of the Commission dated September 19, 1961, in its Docket MC–115523, Sub No. 64, granting Clark Tank Lines Company certain rights.

4. On April 7, 1960, Clark Tank Lines Company of Salt Lake City, Utah, filed its application before the Interstate Commerce Commission. It was assigned Commission's Docket No. 115523, Sub No. 64, and set for hearing in Salt Lake City, Utah, on June 8, 1960. The plaintiff, together with others, indicated by letter an intention to oppose the application. The first hearing was postponed and later held November 9, 1960. At that hearing neither the plaintiff nor its co-protestants appeared, nor were they represented by counsel.

5. At the hearing counsel for the applicant amended the application to eliminate the interests of the plaintiff and its co-protestants in all respects except as to interstate and foreign movements of fertilizers and fertilizer compounds between points in Washington. The examiner, following the hearing, granted Clark Tank Lines Company a portion of the authority requested but did not grant authority between points in Washington. Exceptions were filed by Clark Tank Lines to the examiner's report. On September 19, 1961, Division 1 of the Commission increased the authority recommended by the examiner to include transportation of dry fertilizer and other related commodities "from points inWashington to points in \* \* \* Washington \* \* \*."

6. The certificate issued by the Commission became final on November 22,

1961. No further action took place in Docket MC–115523, Sub No. 64, until February 6, 1963, some fourteen months later. Then the plaintiff filed its petition for modification of the certificate and for reopening for further hearing. That petition was denied by Division 1 in an order of August 9, 1963. Thereafter, on October 3, 1963, the attorney for the plaintiff filed a petition for waiver of the Commission's Rule of Practice, Rule 101 (e), which requires that motions for rehearing be filed within the thirty days prescribed. Plaintiff also filed its petition to change portion of the certificate issued as the result of misrepresentation and by mistake. The petition to waive Rule 101(e) was denied by Division 1 on January 17, 1964. This action was commenced on April 7, 1964.

7. The plaintiff asks that the Court set aside the order of the Commission granting the Clark Tank Lines authority to transport dry fertilizer and related commodities from points in Washington to points in Washington in interstate and foreign commerce. This is on the ground that there is not sufficient evidence in the record to support the order of the Commission. The plaintiff also asks that this Court require the Commission to set aside its orders of August 9, 1963, and January 17, 1964, denying its petitions for waiver of Rule 101(e) and to change a portion of the certificate issued as a result of misrepresentation and by mistake.

8. Plaintiff in its Petition and Bill in this Court sets out in paragraphs VI through IX, that prior to the hearing date of November 9, 1960, applicant's counsel called plaintiff's counsel by telephone and discussed an amendment to the pending application. The amendment as finally agreed between counsel was to eliminate the interests of plaintiff and its co-protestants. It is alleged that as a result of that agreement plaintiff did not appear at the November 9, 1960, hearing to protest.

9. The amendment was made as requested except that it did not eliminate the interstate and foreign movements between points in Washington. The examiner granted Clark certain authority but did not grant authority between points in Washington. Plaintiff's counsel alleges a notice of the amendment, which was not in complete compliance with counsel's out-of-court stipulation. He also alleges knowledge of the report of the examiner, which did comply with counsels' agreement. Plaintiff alleges no knowledge of the action of the Commission on the exceptions to the examiner's report until January 1963 when Clark was soliciting plaintiff's shippers. Thereafter plaintiff filed its petition for waiver of Rule 101(e) and for further hearings.

10. The allegations of the complaint appear in detail in the petition to change portion of the certificate, which petition was filed October 3, 1963. That petition is by reference incorporated in the petition to waive Rule 101(e).

11. The proceedings before the Commission, and the resultant order of September 9, 1961, do substantially affect the plaintiff.

12. Plaintiff's petition to waive Rule 101(e) was denied without hearing by the Commission. If the allegations are taken as true then plaintiff withdrew its protest and did not attend the hearing because of excusable negligence and inadvertence.

Upon this review we are directed by the applicable statutes to "compel agency action unlawfully withheld or unreasonably delayed" and to "hold unlawful and set aside agency action, findings and conclusions found to be * * * arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." (Administrative Procedure Act, § 10, Title 5 U.S.C. § 1009(e)). The petitioner here set forth in his application for waiver of Rule 101(e) and in his "Petition to Change Portion of Certificate Issued as a Result of Misrepresentation and by Mistake" facts which, if found to be true, would require the Commission to reopen the proceeding before it in Docket MC–115523, Sub No. 64, for the purpose of permitting petitioner to ad-

duce evidence in support of its petition, and to be heard in oposition to that portion of the Commission's order by which it granted to the Clark Tank Lines authority above and beyond that recommended by the examiner.

 Administrative boards and commissions owe as much duty to so conduct their hearings and proceedings as to secure a just result as is the case in respect to proceedings in court. This was recognized by a three-judge court in the case of National Bus Traffic Association v. United States, D.C., 212 F. Supp. 659, a case very similar to the present one, and it is our duty to see to it that the Commission, whose orders we are directed to review, performs this obligation. "The jurisdiction to review the orders of the Labor Relations Board is vested in a court with equity powers, and while the court must act within the bounds of the statute and without intruding upon the administrative province, it may adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action. The purpose of the judicial review is consonant with that of the administrative proceeding itself,—to secure a just result with a minimum of technical requirements." Ford Motor Co. v. National Labor Relations Board, 305 U.S. 364, 373, 59 S.Ct. 301, 306, 83 L.Ed. 221.

 This power to order a remand to an administrative body to enable that body to take into consideration oversights which may have crept into the decision of the board or commission by reason of mistake or inadvertence was recognized and exercised in Fleming v. Federal Communications Commission, 96 U.S.App.D.C. 223, 225 F.2d 523, 526, where the court, after discussing and quoting from the Ford case just cited, said: "These principles are not limited to cases in which an agency has made inadequate findings. They extend to cases where even without fault of the agency, the state of the record may preclude a 'just result.'" The court further cited National Labor Relations Board v. Jones & Laughlin Co., 331 U.S. 416, 428, 67 S.Ct. 1274, 128, 91 L.Ed. 1575, which stated the following: "When circumstances do arise after the Board's order has been issued which may affect the propriety of enforcement of the order, the reviewing court has discretion to decide the matter itself or to remand it to the Board for further consideration." Another case wherein remand to an administrative commission was ordered because of circumstances which arose after the Commission's order was Greater Boston Television Corporation v. F. C. C., 118 U.S.App.D.C. 162, 334 F.2d 552.

 The doctrine of equity whereby in cases involving mistake or accident an order or a judgment may be set aside at any time and the cause reopened to permit a complete hearing and the doing of justice is a very ancient one. In Marine Insurance Co. v. Hodgson, 7 Cranch 331, 336, 3 L.Ed. 362, Chief Justice Marshall stated the principle as follows: "Without attempting to draw any precise line to which courts of equity will advance, and which they cannot pass, in restraining parties from availing themselves of judgments obtained at law, it may safely be said, that any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an application to a court of chancery." [1]

 It is not essential to a bill of review in equity that fraud be proven. Mistake or inadvertence will support the granting of such relief.[2]

1. See also Continental Nat. Bank v. Holland Banking Co., 8 Cir., 66 F.2d 823, 829; Crim. v. Handley, 94 U.S. 652, 659, 24 L.Ed. 216.

2. See Moore's Federal Practice, 2d ed., vol. 7, p. 63: "While mistake or inadvertence may at times be caused by or be bound up with fraud, it is not al-

This duty of a court or an administrative board or commission to afford justice by reopening a judgment or order which is the consequence of mistake or inadvertence is so universally recognized that in framing the Rules of Civil Procedure governing proceedings in district courts, Rule 60(b) was adopted to facilitate the granting in district courts of the relief which equity has always recognized and enforced in an independent action. Rule 60(b) provides for relief of a party from a final judgment or order on the ground of "mistake, inadvertence, surprise, or excusable neglect." The same Rule then abolishes for the district courts, "bills of review and bills in the nature of a bill of review." As Professor Moore has noted (Moore's Federal Practice, 2d ed., vol. 6, p. 4004.) Rule 60(b) was designed to take the place of the old equitable remedy of the bill of review or bill in the nature of a bill of review.

█ It is true that the Rule .has no application to hearings before the Interstate Commerce Commission but that does not mean that the Commission may disregard the established doctrines generally applicable to all hearings and proceedings to which we have here referred. The Commission in summarily rejecting the petitioner's application, without a hearing, did violence to an established principle of law and its refusal to waive its Rule 101(e) was the type of arbitrary action which we are required to set aside. At the instance of the court at the time of the hearing the petitioner produced witnesses to supply testimony to demonstrate that he was in a position to .prove the allegations of his petition with respect to the circumstances giving rise to the mistake which he claims occurred here. Accordingly we are of the opinion that the order of the Commission should be set aside and the cause remanded to the Commission with directions to grant the hearing and make the determinations set forth in our findings.

█ The Court concludes that the plaintiff was diligent in acting when it first acquired knowledge of the order of the Commission entered September 19, 1961. Plaintiff's petition to reopen and to change the certificate showed good cause.

The Court further concludes that the Commission abused its discretion when it denied plaintiff's petition to waive Rule 101(e) on January 17, 1964.

The Commission is directed to vacate its order of January 17, 1964, and to waive Rule 101(e) of its General Rules of Practice and permit the filing of and to consider and make a factual determination on the petition of plaintiff dated September 30, 1963, entitled "Petition to Change Portion of Certificate Issued as a Result of Misrepresentation and by Mistake."

This per curiam opinion shall constitute the Findings, Conclusions and Order of this Court.

---

ways necessarily so and, even in the absence of fraud, in a proper case mistake or inadvertence will afford the basis for a bill of review."

See also Bacon v. Bacon, 150 Cal. 477, 89 P. 317, 321: "It is urged that the power to review judgments extends only to cases where they have been procured by fraud, and that it does not exist with respect to judgment wrongfully given by reason of mistake either of the court or of the injured party. No such distinction is recognized by the authorities. The text-books all declare that such relief can be given where the former judgment was the result of a mistake, unmixed with fraud, and not the result of the negligence of the injured party."

Also Soule v. Bacon, 150 Cal. 495, 89 P. 324, 325: "There are many cases holding that the party may have relief in equity from the consequences of his mistake of fact, although he was somewhat negligent in making the mistake, if his negligence in no way prejudiced the opposing party."