**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARSHALL FIELD, individually and on behalf of all others similarly situated,

Plaintiff - Appellant,

v.

AMERICAN MORTGAGE EXPRESS CORPORATION; GEVITY HR, INC.,

Defendants - Appellees.

No. 12-16311

D.C. No. 3:09-cv-05972-EMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted August 14, 2014
San Francisco, California

Before: TASHIMA, McKEOWN, and CLIFTON, Circuit Judges.

Cherie Johnson and Maria Ignacio appeal the district court's final judgment

following the denial of their motion to substitute as new plaintiffs and class

representatives in this putative class action. On appeal, Johnson and Ignacio

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

challenge the district court's determination that their claims were barred by the doctrine of res judicata. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

As a threshold matter, we conclude that the district court neither disregarded California res judicata law nor supplanted it with the federal common law. Consistent with 28 U.S.C. § 1738 and our precedent, the district court appropriately applied California res judicata principles, including the requirement that there be a "final judgment on the merits."

In applying California's res judicata law, the district court correctly determined that Johnson's and Ignacio's respective claims were precluded. First, Johnson's state agency proceedings before the California Labor Commissioner resulted in a final judgment on the merits and involved the same parties and claims in this federal action. *See MHC Fin. Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1125 (9th Cir. 2013). Based on the evidence and testimony in the record, the hearing officer in Johnson's state agency proceedings determined that she was not employed by Gevity and therefore eliminated Gevity as a party. Because none of the parties appealed the hearing officer's decision, the California Superior Court

---

[1] We grant Johnson and Ignacio's unopposed request for judicial notice. *See, e.g.*, *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1137 n.8 (9th Cir. 2012).

entered judgment pursuant to California Labor Code § 98.2. That judgment "has the same force and effect as . . . a judgment in a civil action," and is therefore entitled to res judicata effect. Cal. Lab. Code § 98.2(e); *see also Post v. Palo/Haklar & Assocs.*, 23 Cal. 4th 942, 947 (2000) ("If no party takes an appeal, the commissioner's decision will be deemed a judgment, final immediately and enforceable as a judgment in a civil action.").

Ignacio's state agency proceedings also resulted in a final judgment on the merits and involved the same parties and claims in this federal action. *See MHC Fin. Ltd. P'ship*, 714 F.3d at 1125. Ignacio admitted during her administrative hearing that she lacked any factual or legal basis to hold Gevity liable for her unpaid wages and "opted to withdraw her complaint against Gevity." The hearing officer therefore dismissed Gevity from the suit. Contrary to Ignacio's contention, this dismissal was not without prejudice because Ignacio knowingly and affirmatively abandoned her claims against Gevity during her administrative hearing. *See Gagnon Co. v. Nev. Desert Inn, Inc.*, 45 Cal. 2d 448, 455 (1955) ("[A] dismissal entered in open court pursuant to stipulation . . . is ordinarily effective as a *retraxit*."); *Eulenberg v. Torley's Inc.*, 56 Cal. App. 2d 653, 657 (1943) ("[W]here it affirmatively appears that the plaintiff intended to abandon the action, . . . it is treated as a *retraxit*."). As in Johnson's case, none of the parties in

-3-

Ignacio's state agency proceedings appealed the hearing officer's decision, and the California Superior Court entered a judgment entitled to res judicata effect. *See* Cal. Lab. Code § 98.2(e). We reject Ignacio's post hoc attempts to retract her express abandonment of her claims against Gevity and to unwind the state court's final judgment. Permitting Ignacio to do so under these circumstances would encourage duplicative litigation, waste judicial resources, nullify the administrative scheme established by California labor law, and run counter to the California legislature's purpose of "avoid[ing] recourse to costly and time-consuming judicial proceedings." *Arias v. Kardoulias*, 207 Cal. App. 4th 1429, 1434 (2012).

**AFFIRMED.**