Filed 10/14/24  Ghosal v. Deutsche Bank National Trust CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SAMIRA GHOSAL et al., Plaintiffs and Appellants, v. DEUTSCHE BANK NATIONAL TRUST as Trustee, et al., Defendants and Respondents. | D083206 (Super. Ct. No. 37-2022-00052537-CU-OR-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, James A. Mangione, Judge.  Affirmed.

Samira Ghosal and Francis Ghosal, in pro. per., for Plaintiffs and Appellants.

Hinshaw & Culbertson, Brian A. Paino and Helen Mosothoane, for Defendants and Respondents

This appeal concerns a longstanding dispute over title to a parcel of real property in San Diego County formerly owned by Samira and Francis Ghosal.  The trial court sustained without leave to amend Respondents Deutsche Bank National Trust as Indenture Trustee for New Century Home Equity Loan Trust 2005-1 and Carrington Mortgage Services, LLC's

demurrer in the third lawsuit the Ghosals filed to challenge Respondents'[1] authority to foreclose on and the ownership of the property. It also denied the Ghosals' three requests to reconsider that order. On appeal, the Ghosals mainly rehash the merits of their claims, but they also contend the trial court erred in (1) sustaining the demurrer on the ground that claim preclusion—or, in the words of the parties, res judicata—barred their claims; (2) not granting leave to amend; and (3) denying their motions for reconsideration.

First, we conclude the trial court properly sustained the demurrer on the Ghosals' quiet title claim based on claim preclusion, as it was decided on the merits in the second judgment. Regardless of whether claim preclusion barred the adverse possession claim, the court properly sustained the demurrer on that cause of action given the failure to allege its elements. Second, the Ghosals failed to meet their burden of proving their pleading amendable. Finally, the Ghosals waived appellate review of their first two reconsideration motions, and the trial court did not err in denying the third because no new or different facts or circumstances justified relief. Accordingly, we affirm.

I.

On an appeal from a demurrer, we state the facts from the properly pleaded allegations in the operative pleading, its attachments, and any matters subject to judicial notice. (*Jimenez v. Mrs. Gooch's Natural Food Markets, Inc.* (2023) 95 Cal.App.5th 645.) On our own motion, we judicially

---

[1] Carrington Foreclosure Services, LLC responded to the complaint by filing a declaration of nonmonetary status, and the Ghosals' opposition to that declaration—which they do not challenge on appeal—was untimely. Accordingly, Carrington Foreclosure Services, LLC was absolved of further participation in the underlying action and was not a party to the demurrer. (Civ. Code, § 2924*l*(d).) Nonetheless, it is a respondent on appeal.

notice (1) all filings and orders from the prior lawsuits in the record on appeal—including the Ghosals' second reconsideration motion, which Respondents request we judicially notice (Evid. Code, § 452(d)(1)); (2) all filings and orders from the Ghosals' bankruptcy proceeding (*id.*, § 452(d)(2)); and (3) all documents "properly noticed by the trial court" (*id.,* § 459). We do not, however, judicially notice the truth of disputed facts within these documents. (*Heritage Pacific Financial, LLC v. Monroy* (2013) 215 Cal.App.4th 972, 988.)

### A.

In 2004, the Ghosals purchased a parcel of real property secured by a mortgage loan.

In 2013, an assignment of deed of trust to Deutsche Bank was recorded contemporaneously with a notice of the Ghosals' default. Several months later, the Ghosals filed for bankruptcy without disclosing any dispute about the validity of the loan or title. They obtained a discharge in December 2013.

In 2014, Deutsche Bank bought the property at a foreclosure sale. In 2016, it sold the property to the current owners.

### B.

The Ghosals challenged title to the property in three separate lawsuits.

The Ghosals filed the first lawsuit in 2015 against Deutsche Bank and Carrington Mortgage Services, LLC, asserting, among others, claims for wrongful foreclosure and quiet title. They disputed Respondents' authority to foreclose and the title to the property based on allegations of fraudulently recorded instruments. The trial court sustained the demurrer without leave to amend, finding the Ghosals lacked standing to proceed with their claims— which belonged to the bankruptcy trustee—and entered judgment in favor of Deutsche Bank and Carrington Mortgage Services, LLC.

3

The Ghosals filed the second lawsuit in 2017, asserting essentially the same claims against all Respondents. The trial court granted Respondents' motion for judgment on the pleadings. It concluded the Ghosals were "barred from pursuing this action" by claim preclusion, "notwithstanding 'new' facts or parties have been alleged." The court further noted the Ghosals "failed to allege they have tendered the outstanding balance due under the loan to support" the quiet title claim. It also concluded the Ghosals "failed to allege sufficient facts to void the foreclosure sale." The court entered judgment in favor of Respondents.

The Ghosals filed the third lawsuit—the subject of this appeal—in 2022 against Respondents and the current owners of the property, asserting claims for quiet title and adverse possession.[2] Respondents demurred on the same grounds now raised on appeal. Following oral argument, the trial court sustained the demurrer without leave to amend, finding claim preclusion barred the Ghosals from pursuing their claims given the two earlier judgments. The order did not specifically dismiss Respondents from the lawsuit.

Shortly after, the Ghosals filed their first motion for reconsideration, arguing in part that the trial court erred in concluding the judgment in the first lawsuit was on the merits. The court denied the motion, concluding the Ghosals failed to identify new or different facts, circumstances, or law justifying reconsideration.

Later, the Ghosals filed a second motion for reconsideration, relying on purportedly new evidence. The court denied the motion because the evidence

---

[2] To the extent the Ghosals argue on appeal that the complaint also asserts a claim for trespass—which, even liberally construed, it does not appear to do—they waived the argument as inadequately developed. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

on which the Ghosals relied was "either previously submitted to the Court in other filings or [was] a matter of public record that could have been discovered by the Plaintiffs prior to [Respondents]' demurrer."

The Ghosals then filed a third motion for reconsideration, again claiming new evidence. Respondents opposed because their demurrer included the 2013 public record the Ghosals offered as "new." On October 20, 2023, the trial court denied the motion, finding the Ghosals "continue to rely on evidence already previously produced to the Court," and granted Respondents' request for sanctions. The order noted the claims against Deutsche Bank "have been dismissed."

When the Ghosals filed notices of appeal, both indicated they were appealing only a "[j]udgment of dismissal after an order sustaining a demurrer." Their notice designating the record on appeal, however, indicated the judgment or order appealed from was dated October 20, 2023, when the court denied the third motion for reconsideration. We construed the October 20, 2023 order as an appealable order of dismissal following demurrer.

## II.

## A.

We review de novo an appeal of an order of dismissal following the sustaining of a demurrer. (*The Travelers Indemnity Company of Connecticut v. Navigators Specialty Insurance Company* (2021) 70 Cal.App.5th 341, 353.) While "[w]e assume the truth of all properly pled factual allegations and matters that are judicially noticeable" and "liberally construe the complaint's allegations," "where facts appearing in attached exhibits or judicially noticed documents contradict, or are inconsistent with, the complaint's allegations," we disregard those allegations. (*Jimenez*, 95 Cal.App.5th at p. 653.)

5

1.

The Ghosals claim the trial court erred in sustaining the demurrer based on claim preclusion because their third lawsuit asserts different claims based on different facts against a different set of defendants. We conclude otherwise.

First, we agree with Respondents that the Ghosals' quiet title claim is barred by claim preclusion. Claim preclusion "arises if a second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824.) Whether the lawsuits involve the same cause of action is determined under "the 'primary rights' theory, under which the invasion of one primary right gives rise to a single cause of action." (*Slater v. Blackwood* (1975) 15 Cal.3d 791, 795.) In this context, "the 'cause of action' is based upon the harm suffered, as opposed to the particular theory asserted by the litigant." (*Ibid.*) "When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 798.) Thus, claim preclusion can bar claims that were not, but could have been, raised in the earlier action. (*Busick v. Workmen's Compensation Appeals Board* (1972) 7 Cal.3d 967, 975.)

The Ghosals claim they believed they "could 'SUE' the same defendants consecutively if the grounds or causes of action 'are different set of facts' OR 'circumstances' or 'law' and a different cause of action." But their third lawsuit did not involve a different cause of action. We disagree with Respondents that the first judgment was a decision on the merits for claim preclusion purposes. (See *Hudis v. Crawford* (2005) 125 Cal.App.4th 1586, 1592 [dismissal for lack of standing not decision on merits].) We agree,

6

however, that the second judgment decided at least the quiet title claim on the merits. Although the second judgment erred to the extent it relied on the first judgment as a bar, it also concluded the quiet title claim was fatally defective for failure to allege the Ghosals did, or at least had the ability to, tender the debt in full. While this reason was erroneous—as the Ghosals in fact alleged this, and such an allegation was not required anyway (see *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, 1100 [allegation of tender not required when plaintiff alleges defendant's lack of authority rendered foreclosure sale void])—it is nonetheless conclusive for purposes of claim preclusion (*Murphy v. Murphy* (2008) 164 Cal.App.4th 376, 407). The quiet title claims in the second and third lawsuits each assert Respondents' fraudulent claim to title in the property and wrongful foreclosure on it mean the property was never legally transferred. Because the judgment in the second lawsuit was on the merits for the same cause of action between the Ghosals and Respondents, claim preclusion barred raising it again here. The cases the Ghosals cite to suggest otherwise are inapt and unpersuasive.

The Ghosals' other arguments against claim preclusion barring their quiet title cause of action do not persuade us. To the extent the Ghosals argue the prior judgments were "obtained through fraud" such that claim preclusion does not apply, we disagree. The underlying cause of action has always been premised on allegedly fraudulent documents related to the title of the property. The Ghosals do not argue any post-judgment revelation that documents previously thought legitimate—and on which the trial court relied in deciding the judgment—were in fact fraudulent. They are thus not entitled to any "exception" from claim preclusion. Further, to the extent the Ghosals allege the third lawsuit was not against the "same" parties as the earlier lawsuits due to the inclusion of the current owners, it makes no

7

difference because "[t]he addition of the new defendants added nothing with respect to" the quiet title issue already resolved on the merits as to the Ghosals and Respondents. (*Eulenberg v. Torley's, Inc.* (1943) 56 Cal.App.2d 653, 657.) Finally, to the extent the Ghosals' appellate briefs hint at a violation of due process, they fail to adequately develop this claim with citations to the record and legal argument; we thus deem it waived. (*Benach*, 149 Cal.App.4th at p. 852.)

Second, regardless of whether the adverse possession claim was barred by claim preclusion, "[w]e may affirm on any basis stated in the demurrer, regardless of the ground on which the trial court based its ruling." (*The Travelers Indemnity Co. of Connecticut v. Navigators Specialty Ins. Co.* (2021) 70 Cal.App.5th 341, 353.) Respondents assert the Ghosals failed to state facts sufficient to constitute a valid claim for adverse possession on numerous grounds. We agree.

"To establish adverse possession, the claimant must prove: (1) possession under claim of right or color of title; (2) actual, open, and notorious occupation of the premises constituting reasonable notice to the true owner; (3) possession which is adverse and hostile to the true owner; (4) continuous possession for at least five years; and (5) payment of all taxes assessed against the property during the five-year period." (*Mehdizadeh v. Mincer* (1996) 46 Cal.App.4th 1296, 1305.)

The Ghosals' operative pleading lacks many of these elements. In it, the Ghosals acknowledge they lost the property to foreclosure in 2014, and they fail to allege they possessed it at any point following the foreclosure sale, much less for the required five continuous years. Nor do the Ghosals allege they have paid any taxes on the property. Finally, Respondents note they "no longer claim any interest in the Property, let alone an interest" adverse to the

8

Ghosals, as they sold the property to the current owners in 2016. As a result, the pleading fails to state a claim for adverse possession against Respondents.

Accordingly, the trial court properly sustained the demurrer.

2.

Next we must determine whether the trial court abused its discretion in sustaining the demurrer without leave to amend. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) As plaintiffs, the Ghosals bore the burden of proving amendment could cure the pleading's defects. (*Ibid.*) To meet this burden on appeal, the Ghosals must identify facts they "could plead to state a cause of action if allowed the opportunity to replead" and "demonstrate how those facts establish a cause of action." (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 890.)

We agree with Respondents that the Ghosals failed to assert "any basis upon which they could have cured the multiple defects with their claims" in their opening appellate brief. Their reply brief is equally wanting. We thus conclude the court did not abuse its discretion in denying leave to amend.

B.

Finally, we turn to the Ghosals' contention that the trial court erred in denying their three motions for reconsideration.

Code of Civil Procedure section 1008(a) allows a party to seek reconsideration of an order "based upon new or different facts, circumstances, or law." To obtain relief on this basis, the movant must "offer some fact or circumstance not previously considered by the court." (*New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 213.) And "the information must be such that the moving party could not, with reasonable diligence, have discovered or produced it at the trial." (*Ibid.*) We review orders denying

9

reconsideration for abuse of discretion. (*Wilson v. La Jolla Group* (2021) 61 Cal.App.5th 897, 921.)

We agree with Respondents that the Ghosals waived any challenge to the first and second orders denying reconsideration by failing to identify them in their notice of appeal. But we previously concluded the notice of appeal included the third denial. We note, however, that neither party addresses the sanctions imposed by that third order, thus waiving that issue.

We, like Respondents, conclude the third reconsideration motion failed to present new or different facts or circumstances. The only evidence it offered was a 2013 public record the Ghosals themselves admit the trial court had before the demurrer hearing and again on the unsuccessful second motion for reconsideration, so it was not "new" or "different." And although the trial court could "correct or reverse its decision . . . due to newly discovered errors," as the Ghosals claim, that is not a proper basis for a motion for reconsideration under section 1008. Rather, a motion under section 473 would have been the proper vehicle to request relief from (1) a judgment made "against [a party] through his or her mistake, inadvertence, surprise, or excusable neglect" (§ 473(b)) or (2) the court's "clerical mistakes in its judgment" (§ 473(d)).

In sum, the trial court did not abuse its discretion in denying the third motion for reconsideration under section 1008.

III.

We affirm the judgment. Respondents are entitled to recover their costs on appeal.

CASTILLO, J.

WE CONCUR:


DATO, Acting P. J.


KELETY, J.